## Boteler *versus* Espen.

1. Whether the insertion of a clause in a lease authorizing the making of alterations and improvements by the lessee constitutes such a written consent on the part of the lessor as to authorize the filing of a mechanic's lien against the premises for such alterations or improvements under the provisions of the Act of August 1st 1868 (Pamph. L. 1168), depends upon the question whether the cost of such alterations or improvements is to be borne by the lessor or the lessee. If by the former, the consent is sufficient to authorize the filing of such a lien. If by the latter, it is not.

2. The lessee of a hotel property for five years covenanted, inter alia, to make all necessary repairs, to make no alterations or improvements without the lessor's consent, and further, to leave all alterations and improvements at the expiration of the term for the lessor's benefit. The rent was to be $2,000 for the first year; $2,500 for each of the ensuing three years, and $3,000 for the last year. The lessee made certain repairs, for which a mechanic's claim was filed. *Held*, that the terms of the lease indicated no intention that the expense of said repairs was to be borne by the lessor, but that on the contrary they were to be exclusively at the expense of the lessee, and that therefore the lien filed was not authorized by the provisions of the Act of August 1st 1868 (Pamph. L. 1168), and should be stricken off.

January 6th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

ERROR to the Court of Common Pleas No. 1, of *Philadelphia county :* Of July Term 1881, No. 80.

Mechanic's claim, filed by Joseph C. Boteler, et al., trading as Joseph C. Boteler & Co., against Jacob Espen and Samuel Espen, owners, &c., and James L. Burns, contractor, for $185.75, for painting and glazing done by the plaintiffs on a certain building, No. 1020 Chestnut street, Philadelphia, known as the Clarendon Hotel. The claim averred that said repairs were done "with the written consent of the said Jacob Espen and Samuel Espen, owners, duly had and obtained." The plaintiff filed, with the claim, a copy of a lease of said premises from

[Boteler *v*. Espen.]

Jacob and Samuel Espen to the .said James L. Burns, for the term of five years, at the rent of $2,000 for the first year, 2,500 per annum for the second, third and fourth years, and $3,000, for the fifth year. The lease contained, inter alia, the following clause:

" 8. The lessee shall make all necessary repairs to the premises demised, including the roof and windows; shall make no alterations or improvements without the lessor's consent, and at the expiration of the term shall leave all such alterations and improvements on the premises, without cost to the lessors."

Jacob and Samuel Espen obtained a rule to show cause why the mechanic's lien should not be stricken off the record, which rule the court, after argument, made absolute.

The plaintiff thereupon took this writ of error, assigning for error the order of the court making the rule absolute.

*Charles C. Lister*, for the plaintiff in error.—The Act of August 1st 1868 (Pamph. L. 1168) extends the right to file mechanic's liens for repairs, alterations or additions made by a lessee with the written consent of the owners, a copy of which written consent must be filed with the claim. The statute provides for no particular form of written· consent; and where a written lease, or other paper, shows that the lessor knew of the repairs and consented to them, the statute is satisfied. A fortiori, is this the case where the owner exacts a covenant from the lessee to make certain repairs, as here, viz., to " the roof and windows." This claim is for some of· those very repairs, viz., painting, and glazing the windows. That this consent was absolute is shown by the distinction made in the lease between repairs and alterations, further consent being required for the latter. The lien should also have been sustained upon another ground, viz. :—the rent for the first year is materially reduced, being $500 less than the three succeeding years, manifestly, in consideration of the repairs to be made by the lessee. This was held in Hall *v.* Parker, 8 W. N. C. 325, to give the lease the incident of a building contract or improvement lease, sustaining the lien.

*Wm. W. Montgomery*, for the defendant in error.—The Act of 1st August, 1868, gives no new right of lien on a landlord's property for work done for a tenant. The provisions therein on that subject are purely restrictive. No Act of Assembly gives power to a tenant, as such, in any case, to make contracts with mechanics which will give the latter the right to file liens on the landlord's property. Where the tenant contracts with the landlord to build, in consideration of compensation to be paid by the latter, either in money, or in use

[Boteler *v.* Espen.]

and occupation of the premises, he is considered as an ordinary contractor to build. The test of the right to bind the property of the landlord for work done for the tenant, as laid down in Hall *v.* Parker, 8 W. N. C. 325, is, that the work has been done by the tenant for the landlord, with the consent of, and ultimately to be paid for by, the latter. Every case in Pennsylvania which has supported such a mechanic's claim has been based on this principle. In every one of them there has been a remission of rent in consideration of the buildings, alterations or repairs to be made by the tenant. Woodward *v.* Leiby, 12 Cas. 437; Leiby *v.* Wilson, 4 Wr. 63; Hopper *v.* Childs, 7 Ibid. 310; Fisher *v.* Rush, 21 P. F. Smith, 40; Barclay *v.* Wainwright, 5 Norris 191. This case is ruled by McClintock *v.* Criswell, 17 P. F. Smith, 183, and Reed *v.* Kenney, 4 W. N. C. 450. In the latter case the contract provided that the ground was let " for the purpose of erecting a hotel and opera house, and for no other purpose," and it was held not liable to a mechanic's lien against the owner.

Mr. Justice GREEN delivered the opinion of the Court, January 23d 1882.

It is certainly true, that when the landlords in this case exacted from the tenant a covenant that he should make all necessary repairs to the premises demised, they thereby consented that such repairs should be made. But the question that arises is, whether this is the kind of consent, which is within the contemplation of the Act of 1868, subjecting the building of an owner to a lien, for repairs done by the tenant. We held in McClintock *v.* Criswell, 17 P. F. S. 183, that the consent intended by the act is an absolute consent consistent with the right to do the work on the credit of the building. In that case, it was agreed that the work should be done at the cost of the tenant, and for that reason, we decided that the consent of the landlord must be regarded as a qualified, and not as an absolute consent, and therefore the act was inapplicable. In other words, the circumstance that the tenant and not the landlord was to defray the expense of the improvement, was conclusive that neither the landlord, nor the building, was to be subject to the cost of the work. In Hall *v.* Parker, 8 W. N. C. 325, the demised premises were held subject to the lien because, although the tenants were to do the work at their own cost, yet they were to be practically repaid, by an abatement of rent for the first year, from $600 to $5, so that in effect the cost was really to be borne by the lessor. Here also the test of the question was, who was to incur the cost of the repairs? If the landlord, the building was subject to the lien, but if the tenant, it was not. The particular form of words employed was not regarded, but rather

the substance and meaning of the contract. How is it in the present case? The building leased was the Clarendon Hotel, No. 1020 Chestnut street, Philadelphia; the term was for five years, and the rent was, for the first year $2,000, for each of the next three years $2,500, and for the last year $3,000. By the terms of the lease the tenant was to perform a number of covenants, and amongst the rest, was one by which he agreed to "make all necessary repairs to the premises demised, including the roof and windows." He was to make no alterations, or improvements without the lessors' consent, and at the expiration of the term, he was to leave all such alterations and improvements on the premises without cost to the lessors. There was no express stipulation that the tenant, was to make the necessary repairs at his own cost. But he was to make them, nevertheless, and he was to do this in addition to paying the rent. There was no provision, that the repairs should be made at the cost of the lessors, or that they should be deducted from the rent, or that the rent should be made lower, on account of the repairs being made by the tenant. The whole amount of the rent was to be paid according to the terms of the lease, and all necessary repairs were to be made. They were not to be made by the landlord, they were to be made by the tenant without any provision for reimbursement. We are of opinion that in such circumstances, the obligation of the tenant to pay the cost of the repairs, is as clear and undoubted, as if words to that effect were incorporated in the lease. Had they been written in the lease, the case would have been the same as McClintock *v.* Criswell. But in legal effect they are there. The obligation of the tenant to make the repairs includes the obligation to pay for them. It is his covenant, *his* act, and must be performed by him, and necessarily at his cost. Clearly, then, these repairs are not to be made at the cost of the lessors, and that being so, it follows, that the consent given by them, to their being made by the tenant, is not the unqualified consent which, as we have heretofore held, was essential, to subject the building to the operation of a mechanic's lien, under the Act of 1868. In McClintock *v.* Criswell, WILLIAMS, J., in delivering the opinion of the court, said: "It seems to us, that the consent intended by the Act, under which the claim in this case is filed, is an absolute consent—such a consent, as is consistent with the right to do the work, on the credit of the building, though it may not expressly authorize it. It must not be clogged with any such condition or qualification as is inconsistent with the right to charge the building with the cost of the work, or which impliedly forbids it." We can not think that when these lessors required of their tenant, that he should make all necessary repairs, they meant thereby, that he might do so on the credit of the

[Jones *v.* Manufacturers' Nat. Bank.]

building. The absolute covenant of the tenant, that he would make the repairs, as well as pay the rent, without any provision for reimbursement, or compensation in any manner, is certainly inconsistent with the right to charge the building with the cost of the work. The suggestion, that the rent for the first year is $2,000, while for the next three years it is $2,500, affords no inference that the difference of $500 was intended as a compensation for the cost of repairs. It would require an express agreement, that the difference was made on that account to give it such effect, as was the case in Hall *v.* Parker, supra. The abatement of $500 for the first year, is counterbalanced by an increase of $500 during the last year; but independently of that, it is not at all uncommon to make leases, especially of buildings used for hotel purposes, upon a rising scale such as this, as an inducement to tenants. Being of opinion that it was the intent of the parties to this lease, that the cost of the necessary repairs was to be borne by the tenant, we can not consider the consent of the landlords such as is required to subject their property to a lien for that purpose.

Judgment affirmed.