# National Supply & Construction Company v. Fitch, Appellant.

*Mechanic's lien—Husband and wife—Contract by husband—Ratification by wife—Act of June 4; 1901, sec. 4, P. L. 431—Subcontractor—Notice.*

1. Where a wife permits her husband to enter into a contract in his own name for a building to be erected on her land, and she is about the premises at the time the building is being constructed, and knows that material is being furnished by a particular subcontractor, and it also appears that the subcontractor in question had no actual notice of the wife's ownership of the premises, he may file a lien against the wife in her own name for the material furnished. Such a case is within the provisions of sec. 4 of the Act of June 4, 1901, P. L. 431.

2. Where the notice by a subcontractor of an intention to file a lien is in substantial compliance with the requirements of the act, the notice will not be deemed insufficient because the plans and specifications are not attached to the notice, if it appears that they were in possession of the owner.

Argued May 12, 1913. Appeal, No. 62, April T., 1913, by defendant, from judgment of C. P. Lawrence Co., Sept. T., 1909, No. 80, on verdict for plaintiff in case of National Supply & Construction Company v. M. Jennie Fitch, owner or reputed owner, and James Hood, contractor. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Scire facias sur mechanic's lien. Before PORTER, P. J.

From the record it appeared that the National Supply

and Construction Company entered into a contract with James Hood to furnish material for a building to be constructed on land owned by M. Jennie Fitch. The building contract was made by C. E. Fitch, defendant's husband, in his own name with James Hood. The evidence tended to show that the plaintiff had no actual notice of Mrs. Fitch's ownership of the property. It also appeared that Mrs. Fitch was about the premises when the building was being constructed, and that she knew that materials were being furnished by the plaintiff. The lien was filed against Mrs. Fitch in her own name. The notice of the intention to file the lien was given to C. E. Fitch. The notice did not contain a copy of the plans and specifications, but the evidence showed that these were in the possession of Mrs. Fitch.

At the trial the court under objection and exception admitted in evidence the following paper:

"To C. E. Fitch, owner of building, to-wit: that said dwelling situate in Wampum, Pa.

"Take notice: That the undersigned, the National Supply & Construction Company having furnished certain materials in and about the erection and construction of the said building, that there is now due and owing said National Supply & Construction Company the sum of six hundred fifty-one and 43-100 dollars for materials as aforesaid with interest from the 18th day of October, 1908.

"Therefore the undersigned intends to file a lien according to law upon the expiration of one month from the day of the service hereof upon you or your agent agreeable to section 8 of the Act of Assembly approved June 4, 1901.

"NATIONAL SUPPLY & CONSTRUCTION COMPANY,
                    Per R. F. MOSHER, Secretary,
                                        Sub-contractor.

"Dated this 30th day of December, 1908.

State of Pennsylvania, ⎰
County of Lawrence,  ⎱ ss:

"Personally before me came R. F. Mosher, Secretary-Treasurer of the National Supply & Construction Company, who signed the foregoing notice, and being by me duly sworn doth depose and say that the contract under which he claims is as follows: Consisting of certain letters and specifications a copy of which is hereto attached; that the amount still due and payable to the said contractor named in said contract is the sum of $651.43 with interest from the 18th day of October, 1908, which sum is made up as follows: Consisting of certain book entries pursuant to said contract, a copy of which is hereto attached and made part hereof; that the said materials furnished were materials used in and about the construction of the said building, and the date when the last materials were furnished was on the eighteenth day of October, 1908.

"R. F. MOSHER, Secretary.

"Sworn and subscribed before me this 30th day of December, 1908.

"JOSEPH W. HUMPHREY,
"Notary Public.

"Commission expires January 16, 1909.

"ELLWOOD CITY, PA., 12–29–1908.

"JAMES HOOD,
"PITTSBURG, PA.

"To the National Supply & Construction Company, Dr. Wholesale and Retail Lumber and builders' supplies.

1908

| | |
|---|---:|
| June 30, Merchandise as per bill rendered | $153.55 |
| July 30, | 92.47 |
| Aug. 28, | 35.40 |
| Sept. 30, | 145.66 |
| Oct. 31, | 266.85 |
| Total, | $693.93 |
| December 20, credit, | 42.80 |
| Balance due, | 651.43 |

"James Hood, Contractor and Builder,

"Pittsburg, Pa.

"September 12, 1908.

"National Supply & Construction Company,

"Ellwood City, Pa.

"Gentlemen:

"Your letter confirming our agreement for extra material and contract price on the Fitch House at Wampum, Pa., confirming price of $857 to be increased to $900, prompt payment when roof is on can only be deferred by bricklayers. However, we will give you one-half of your money when said roof is on and the balance when house is finished.

"Respectfully yours,

"James Hood.

"James Hood, Contractor and Builder,

"East End, Pittsburg, Pa.

"June 22d, 1908.

"Mr. James Hood:

"We agree to furnish all mill work necessary to build the Fitch House according to plans and specifications prepared by Louis O. Brisey, architect, subject to such changes as the owner may desire. Any changes made must be agreed upon by all parties concerned and prices agreed to in writing to become effective.

"Accepted.                              "James Hood.

"All interior finish to be good stock patterns as per verbal understanding.

"National Supply & Construction Company,

"Per A. C. Frey, President."

The court refused binding instructions for Mrs. Fitch.

Verdict and judgment for plaintiff for $651.43. Mrs. Fitch appealed.

*Errors assigned* were (1) ruling on evidence, quoting the bill of exceptions; and (2) in refusing binding instructions for defendant.

*C. H. Akens,* with him *D. N. Keast,* for appellant, cited: Miller v. Fitz, 41 Pa. Superior Ct. 582; Mc-Crum-Howell Co. v. Empfield, 50 Pa. Superior Ct. 551; Thirsk v. Evans, 211 Pa. 239; Hiestand v. Keath, 229 Pa. 149.

*Joseph W. Humphrey,* of *Humphrey. & Hugus,* for appellee, cited: Willson v. Canevin, 226 Pa. 362; Vansciver v. Churchill, 35 Pa. Superior Ct. 212; Keim v. McRoberts, 18 Pa. Superior Ct. 167; Schroeder v. Galland, 134 Pa. 277.

OPINION BY HENDERSON, J., October 13, 1913:

The plaintiff was a subcontractor and furnished material used in the erection of the defendant's house. The principal question in the case is, was the preliminary notice of the intention to file a lien, given to the husband of the defendant, sufficient to charge the latter. The contract was in the name of the husband and the plans and specifications exhibited to the plaintiff as a basis for its bid on the material desired were also in the name of the husband. The evidence shows that Mr. Fitch had charge of the business for his wife and acted for her in procuring the contracts and looking after the completion of the building. The plaintiff had no knowledge that Mrs. Fitch owned the property apart from the constructive notice arising out of her recorded deed. The evidence we think brings the case within the provisions of the fourth section of the act of June 4, 1901, P. L. 431, which provides that if an owner knowingly permit any person acting as if he were the owner to make a contract for which a claim could be filed, without objecting thereto, he shall be treated as ratifying the act of such person acting as if he were the owner, in which case the claim may be filed against the real owner with the same effect as if he had made the contract. There was also some evidence of the ratification defined in the same section. She was about

the premises, from time to time and had notice that the plaintiff was furnishing material for the construction of the house. No notice of repudiation was given to the plaintiff nor was any such notice posted on the premises, and if the facts were as alleged an inference of ratification might be drawn by the jury. The case is unlike Miller v. Fitz, 41 Pa. Superior Ct. 582, in this respect. The lien there was not filed against the owner. The effort was to substitute a new party and to create a lien by such substitution. This manifestly could not be done and the decision in the case was in strict accordance with the provisions of the statute, but the lien here was entered against the real owner. A preliminary notice was given to the husband, but if he acted as if he were the owner in signing the contract and procuring the specifications and superintending the construction of the building the notice to him would be sufficient if the work was done in ignorance of the fact that the wife was the owner and the action of the husband was not repudiated when notice was brought home to the appellant that the material was being furnished by the subcontractor.

There was a substantial compliance with the requirements of the act in respect to the form of the notice as is shown in Willson v. Canevin, 226 Pa. 362. The plans and specifications were not attached to the notice, but they were in the possession of the owner and she had therefore full notice of their contents. We regard the notice as sufficient to inform the defendant of the nature and extent of the plaintiff's claim and we are unable to see that she was in any wise prejudiced by the alleged deficiency therein. The argument of the learned counsel for the appellant has not satisfied us that the judgment should be disturbed.

Judgment affirmed.