Gingrich *v.* Dissinger et ux., Appellants.

308

Argued March 20, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*James R. Koller,* with him *Robert E. Siegrist,* and *Siegrist, Koller & Siegrist,* for appellants.

*Calvin D. Spitler,* for appellee.

OPINION BY WOODSIDE, J., July 25, 1957:

This is an appeal from a judgment against defendants Clode and Martha Dissinger upon an action of scire facias sur mechanic's lien. Defendants, husband and wife, were owners by the entireties of a property in the City of Lebanon upon which Hiester J. Gingrich, the plaintiff did plumbing work during the construction of a home. The case was tried before a jury which returned a verdict in favor of the plaintiff in the amount of $1724.46.

The verdict of the jury would establish that the plaintiff and the defendant, Clode Dissinger, entered into an independent contract. The plaintiff was, therefore, not a sub-contractor of Earl Jordan, the general contractor who had entered into a stipulation against the filing of mechanics' liens. The verdict would also establish that plaintiff did not complete the plumbing work because of the conduct of defendants and their attorney.

In order for the jury to return a verdict for the plaintiff, it had to find that defendant Martha Dissinger ratified the contract made between the plaintiff and her husband. The question before us is whether the facts of this case, and the presumption of ratification contained in §4 of the Mechanics' Lien Act of June 4, 1901, P.L. 431, 49 PS §28, support this finding. Defendants claim that there was insufficient evidence of ratification, and that this section of the act cannot apply to the facts of this case.

Section 4 of the Mechanics' Lien Act provides as follows: "Any owner, not being a committee, guardian, or trustee, as aforesaid, who shall knowingly suffer or permit any person, acting as if he were the owner, to make a contract for which a claim could be filed, without objecting thereto at the time, shall be treated as ratifying the act of such person acting as if he were the owner, and the claim may be filed against the real owner, with the same effect if he himself had made the contract. Ratification shall also be presumed, and like subjection to lien shall follow, if the owner, not being a committee, guardian or trustee, as aforesaid, subsequently learning of such contract or of work being done upon his property, shall not, within ten days thereafter, repudiate the same, either by notice to the contractor and sub-contractors or by posting such repudiation on the most public part of the structure or other improvement."

In order to bring the wife within this section of the act, plaintiff called her as his witness upon cross-examination. She testified that she visited the construction site on Sundays; that she was informed that plaintiff was doing the plumbing work; that her husband had told her that he was at plaintiff's place of business; and that she did nothing to prevent plaintiff from continuing the plumbing work. Although Mrs. Dissinger

testified that she and her husband had never discussed the plumbing work, a sink was purchased for the home by Mrs. Dissinger through the store where she worked. She denied any knowledge of the fact that plaintiff and her husband had entered into an independent contract, and maintained that she at all times had believed Gingrich to be a sub-contractor under Jordan. The evidence established, however, that Gingrich's men continued working upon the home for about two months after Jordan had quit the job, and that plaintiff's equipment remained at the construction site for an even longer time.

It is true that in order for there to be a presumption of ratification under section 4 of the act, the wife had to have knowledge, not only that work was being done, but also that a contract had been made by someone acting as if he were the owner. *Fluke v. Lang,* 283 Pa. 54, 128 A. 663 (1925). In the present case the jury was properly instructed upon the requisites of a ratification. In the light of the wife's testimony and the surrounding circumstances, the jury could reasonably infer that the wife had knowledge of the contract and failed to repudiate it.

Where a party calls an adversary as under cross-examination and his testimony is credible and not rebutted, it is binding upon the party calling the witness. *Scacchi v. Montgomery,* 365 Pa. 377, 75 A. 2d 535 (1950). The rule, however, is otherwise when the credibility of the witness is doubtful. *Fetterolf v. Yellow Cab Co.,* 139 Pa. Superior Ct. 463, 11 A. 2d 516 (1940). Considering the relationship of the defendants, husband and wife engaged in a joint venture of constructing a home in which they were to reside, we believe that the credibility of the wife's testimony was a matter for the jury, and that it could have very reasonably rejected that part of her testimony disclaiming knowledge of the contract with Gingrich.

Defendants also claim that there was a fatal variance between the allegata and probata because plaintiff alleged an oral contract between plaintiff and both defendants and offered proof of a contract with defendant Clode Dissinger and of subsequent ratification by Martha Dissinger.

We do not find any merit in this contention. It would seem that the effect of ratification by Martha Dissinger would be that she became a party to the contract from its inception, and, therefore, no variance actually existed. Regardless of this, however, we do not consider the variance material. This Court, in *Tarentum Lumber Co. v. Marvin*, 61 Pa. Superior Ct. 294, 297 (1915), set forth the applicable rule as follows: "if the defendant is not misled and the variance could in no manner affect the trial on its merits, or set up a different cause of action, or impose any different burden on the defendant, the variance would not be considered material." It is difficult to see how defendants could have been misled by the pleadings in this case. Mrs. Dissinger and Gingrich had had no contracts with each other. They had never spoken to each other concerning the building. Defendants must have known that the basis of Mrs. Dissinger's liability had to be under section 4 of the Mechanics' Lien Act. There was no other possible basis for plaintiff's claim. The defendants could not have been prejudiced by the pleading.

Defendants claim that they are entitled to a new trial because of the additional instructions given to the jury by the court below. The trial judge stated his recollection that plaintiff had testified "A check of $1250 was not given me by Jordan. It was mailed to me by the First National Bank." Although this is not an exact quotation of plaintiff's testimony, plaintiff did testify that the check had come from the bank and that it had not come from Jordan to his knowledge. The

trial judge immediately after the above instruction admonished the jurors that their recollection would be controlling.

It is permissible for the trial judge to read portions of the testimony to the jury, *Commonwealth v. Fontaine,* 183 Pa. Superior Ct. 45, 128 A. 2d 131 (1956). It is also permissible for the trial judge to comment upon his recollections of the evidence. *McPeek v. Shafer,* 120 Pa. Superior Ct. 425, 183 A. 80 (1936). There was no reversible error in the court's conduct when the jury requested additional instructions.

The judgment is affirmed.