610 A.2d 503

**CASTLE PRE–CAST SUPERIOR WALLS OF DELAWARE, INC., Appellant,**

v.

**Lynn STRAUSS–HAMMER, Appellee.**

Superior Court of Pennsylvania.

Submitted April 20, 1992.

Filed July 17, 1992.

54

Dolores J. Varga, Media, for appellant.

Charles G. Nistico, Media, for appellee.

Before JOHNSON, HUDOCK and MONTGOMERY, JJ.

MONTGOMERY, Judge.

The plaintiff-appellant, Castle Pre–Cast Superior Walls of Delaware, Inc., instituted a mechanics' lien proceeding in the trial court against the defendant-appellee, Lynn Strauss–Hammer. The action was based upon work which had allegedly been performed by the plaintiff on property owned by the defendant, for which no payment had been made. The plaintiff initiated the action by filing a Notice of Filing of Mechanics' Lien, as well as a verified Statement of Mechanics' Lien, which included a description of the labor, materials and prices involved in the work allegedly performed. The plaintiff also filed an Affidavit of Service with a copy of a sheriff's return attached, attesting to the service of the Notice of Filing of Mechanics' Lien. Also appended to the Affidavit of Service was a copy of the Notice of Filing. The defendant filed Preliminary Objections which, *inter alia*, challenged the service documents, maintaining that the Affidavit of Service was fatally defective. The trial court, ruling on that ground alone, determined that the Affidavit of Service was defective, and could not be amended. Accordingly, the trial court sustained the Preliminary Objections and ordered the striking of the

plaintiff's action. The instant appeal followed. After review, we conclude that the trial court erred in sustaining the defendant's Preliminary Objections and granting the motion to strike. We shall reverse.

The record shows that the Affidavit of Service, which the trial court deemed to be defective, was signed by a deputy sheriff of Delaware County. In the Affidavit he stated that he "... personally served upon Lynn Struass–Hammer (sic), the owner or reputed owner herein, the notice of filing of mechanics' lien...." Attached to the Affidavit was a Sheriff's Department service document which indicated that service of the notice and other documents in the case had been made upon the defendant by handing a copy of same to the defendant's husband, an adult family member with whom she resided, at her residence. The trial judge concluded that because the Affidavit itself purportedly indicated that the documents were served upon the defendant herself, while the attached sheriff's return indicated the documents were delivered to her husband at their residence, the Affidavit had a fatal defect on its face.

It is well settled that strict compliance with the Mechanics' Lien Law is necessary in order to effect a valid claim. *Brann & Stuart Company v. Consolidated Sun Ray Incorporated,* 433 Pa. 574, 253 A.2d 105 (1969), *cert. denied,* 396 U.S. 840, 90 S.Ct. 102, 24 L.Ed.2d 91 (1970). However, it is also clear that when the sustaining of preliminary objections will result in a denial of claim or a dismissal of suit, preliminary objections in a mechanics' lien proceeding should be sustained only in cases which are clear and free from doubt. *Chambers v. Todd Steel Pickling, Inc.,* 323 Pa.Super. 119, 470 A.2d 159 (1983). Further, we have recognized that while the notice and other requirements under the Mechanics' Lien Law are to be strictly construed, we must also apply the doctrine of substantial compliance to temper such strict construction. See *Tesauro v. Baird,* 232 Pa.Super. 185, 335 A.2d 792 (1975).

Section 502 of the Mechanics' Lien Law (Act of August 24, 1963, P.L. 1175, No. 497, Art. V, § 502), which is set

forth at 49 P.S. § 1502, details the requirements for the filing and service of a mechanics' lien claim. It provides that in order to perfect a lien, a claimant must file a timely claim with the prothonotary, and serve written notice of such filing upon the owner within time limits provided. Further, in subsection (c), it declares that service of the notice of the filing of a claim shall be made by an adult in the same manner as a writ of summons in assumpsit. The manner of service of a writ of summons in assumpsit is governed by Pa.R.Civ.P. 402. It provides that service may be accomplished, *inter alia,* at the residence of the defendant, by handing a copy to an adult member of the family with whom the defendant resides.

That is exactly the manner in which service was accomplished by the plaintiff in the instant case. The sheriff's return, which was attached to the Affidavit of Service, indicated that service was made by a deputy sheriff by handing copies of the appropriate mechanics' lien documents to the defendant's husband, an adult who resided with her, at their common residence.

However, the trial court ruled that the service documents were defective, in that the Affidavit recited that the deputy sheriff accomplished service of the documents when he "personally served [them] upon [defendant]." In support of this ruling, the trial court cited the decision of the Court of Common Pleas of Chester County in *Hoffman Lumber Co. v. Geesey,* 35 Pa.D. & C.2d 200 (1965). Of course, that trial court decision, from a different county, provided no binding precedent for the Delaware County Court in the instant case. Moreover, in *J.H. Hommer Lumber Co., Inc. v. Dively,* 401 Pa.Super. 72, 584 A.2d 985 (1990), our court rejected the narrowness of the interpretation of the Mechanics' Lien Law, which had been rendered by the Chester County Court in the *Hoffman Lumber Co.* case. The trial court in the instant case should have been guided by our discussion and holding in the *J.H. Hommer Lumber Co., Inc.* case, because its facts were so analogous to those before us in the instant case. In the *J.H. Hommer*

*Lumber Co., Inc.* case, the trial court sustained preliminary objections in a mechanics' lien action and dismissed the claim because of an alleged defect in the record as to service of a notice of the filing of the mechanics' lien. It held that a sheriff's return, which indicated service was made, was insufficient to comply with the affidavit requirements of 49 P.S. § 1502. In rejecting the trial court's ruling, and its reliance upon the reasoning of the trial court in the *Hoffman Lumber Co. v. Geesey* case, we noted that notice was the overriding concern, and held that a sheriff's return was adequate proof that the owner received the requisite notice under the Act. Further, our court held that a timely filed return of service by the sheriff, even if unsworn, constituted substantial compliance with the Act. Therefore, the sheriff's return which was appended to the Affidavit in this case, standing alone, satisfied the requirements to establish service had been properly accomplished, and the trial court's ruling to the contrary is rejected.

■■■ The trial court further erred, in two separate regards, in this case in finding that there was a difference between the averments of service in the sheriff's Affidavit and the attached return, and in holding that no amendment should be permitted to cure the alleged conflict between the two. A reasonable reading of the Affidavit permits one to conclude that the deputy sheriff averred that he, acting personally, served the defendant in accordance with the service requirements of the Rules of Civil Procedure. The same sentence of the Affidavit which includes the words "personally served upon Lynn Struass–Hammer (sic)", also notes that such service was evidenced by a copy of the sheriff's return which was attached thereto and marked as an exhibit to the Affidavit. That return showed service was accomplished by handing the documents to the defendant's husband, an adult, at their residence. However, even if that reasonable construction of the language of the Affidavit did not occur to the trial court, it is clear that if an affidavit in a mechanics' lien action is timely filed, it may be amended as necessary to adhere to statutory requirements.

*Tesauro v. Baird,* 232 Pa.Super. 185, 335 A.2d 792 (1975). The trial court's ruling that no amendment would be permitted in this case was clearly wrong.

We must remand this case for further proceedings in the trial court. While other issues were presented to the trial court by the defendant's preliminary objections, they were not the subject of any ruling in the trial court's disposition of this case. Accordingly, it would be inappropriate for our court to address such matters for the first time on this appeal.

The order of the trial court is reversed and this case is remanded for further proceedings. Jurisdiction is not retained.