631 A.2d 199

**GUISTRA DEVELOPMENT CO., INC., Appellant,**

**v.**

**Richard LEE and Mei Chow Lee, his Wife, Appellees.**

Superior Court of Pennsylvania.

Argued April 20, 1993.

Filed Sept. 20, 1993.

W. Boyd Hughes, Dunmore, for appellant.

Francis Giordano, Philadelphia, for appellees.

Before CIRILLO, KELLY and CERCONE, JJ.

KELLY, Judge:

In this opinion, we are asked to determine whether the imposition of a mechanics' lien against commercial property owned as tenants by the entireties may be defeated on preliminary objection where the mechanics' lien arises from a construction contract which one spouse did not sign but allegedly knew of its existence and received its benefits. Under the circumstances of this case, we hold that preliminary objections may not be sustained where a married couple seeks to evade the imposition of a mechanics' lien on property held as tenants by the entireties when one spouse fails to sign the contract if there are averments that the non-signing spouse was both aware of the existence of the contract and freely accepted the benefits accruing from the contract. Thus, we reverse the order entered on December 1, 1992 sustaining the preliminary objections of appellees, Richard Lee and Mei Chow Lee, his wife, and dismissing appellant's mechanics' lien.

Appellant, Guistra Development Company, Incorporated, is a general contracting company which performed agreed-upon construction services on appellees' real estate. The property was held by appellees as tenants by the entireties. The work performed thereon by appellant included: site preparation, demolition, excavation, foundation work, framing, electrical

work and various other services necessary to the construction of a restaurant. It is alleged that there was an oral agreement between appellant and appellees regarding the performance of these construction services. On January 2, 1988, appellant began the work which had been discussed. Appellant and appellees reduced the terms of their oral agreement to a written contract on March 11, 1988. However, Richard Lee was the only owner-signator. During performance of the contract, "extras and change orders" (Appellant's Brief at 6) were issued, necessitating the performance of additional work with additional materials, thereby increasing the amount owed by appellees to appellant. After the services were completed on September 22, 1988, appellant demanded that appellees provide payment for the additional costs in the amount of $160,022.65. Appellees refused to pay. On January 10, 1989, appellant filed a statement of mechanics' lien claim against appellees' property on which the construction services had been performed.[1] On August 27, 1990 appellees filed a joint Chapter 11 Bankruptcy petition, which included as a jointly owned asset the real estate upon which appellant had performed the construction services. On December 6, 1990, appellant filed a Chapter 7 Liquidation Bankruptcy petition. Appellant's mechanics' lien claim was transferred to the Lee Bankruptcy proceeding as a property claim. Appellant was subsequently granted leave by the United States Bankruptcy Court of the Middle District of Pennsylvania to pursue its rights on a mechanics' lien claim in the Court of Common Pleas, Monroe County. On January 9, 1992, appellees filed preliminary objections to the lien complaint stating, among

1. Appellees filed preliminary objections in the nature of a motion to strike the lien. The trial court granted the motion. On appeal, this Court reversed the trial court order and remanded the case, holding: "(1) appellees have made the release of liens a part of their preliminary objections, (2) appellant does not question the existence and authenticity of the release of liens, and (3) the release of liens reveals on its face a basic issue of fact which must be the subject of evidentiary presentation. As a result, the trial court is precluded from granting the motion of appellees to strike the mechanics' lien without first proceeding to resolve the disputed factual issues." Guistra Development Co., Inc. v. Lee (No. 2026 Philadelphia 1989, filed May 11, 1990, at 5) [402 Pa.Super. 661, 578 A.2d 43 (table)].

other things, that George Clark, Esquire, was not named a party plaintiff and that the entire contract, referred to in the complaint, had not been attached. Appellant filed an amended complaint which corrected these oversights, and a brief in support of his reply to the preliminary objections of appellees. On December 1, 1992, the trial court sustained appellees' preliminary objections. This timely appeal followed.

Appellant raises the following questions for our review:

I. WHETHER THE LOWER COURT HAD BEFORE IT INSUFFICIENT EVIDENCE OF RECORD TO DISPOSE OF APPELLANT'S MECHANICS' LIEN COMPLIANT [sic] BY PRELIMINARY OBJECTION WHERE THE MECHANICS' LIEN COMPLAINT ALLEGED A CONSTRUCTION CONTRACT BETWEEN APPELLANT AND APPELLEES, HUSBAND AND WIFE, WHERE THE REAL ESTATE WAS JOINTLY OWNED BY APPELLEES WHO EXECUTED A MORTGAGE TO FINANCE THE CONSTRUCTION CONTRACT BETWEEN APPELLANT AND APPELLEES, AND THAT THE CONTRACT WAS BREACHED BY APPELLEES, ALL OF WHICH ARE MATTERS OF FACT AND PROOF TO BE DEVELOPED AT TRIAL AND ARE NOT PROPER SUBJECT OF DISPOSAL AT PRELIMINARY OBJECTION STAGE?

II. WHETHER THE LOWER COURT ERRED IN SUMMARILY GRANTING APPELLEES' PRELIMINARY OBJECTION TO APPELLANT'S PERFECTED MECHANICS' LIEN COMPLAINT FILED AGAINST APPELLEES' JOINTLY OWNED REAL ESTATE, WHERE APPELLANT ALLEGED IT AND THE APPELLEES ENTERED INTO AN ORAL CONTRACT FOR SERVICES AND MATERIALS, THE AGREEMENT WAS SUBSEQUENTLY REDUCED TO WRITING AND SIGNED BY ONE OF THE APPELLEES, THAT IMPROVEMENTS TO THE REAL ESTATE WERE FINANCED BY A CONSTRUCTION MORTGAGE ISSUED TO AP-

PELLEES JOINTLY AS HUSBAND AND WIFE, THAT BOTH APPELLEES HAD EQUAL INPUT AND CONTROL OVER THE PROJECT AS CONSTRUCTED BY APPELLANT, THAT BOTH APPELLEES FILED A JOINT CHAPTER 11 BANKRUPTCY PETITION LISTING THE PROPERTY SUBJECT TO THE MECHANICS' LIEN CLAIM AS A JOINTLY OWNED ASSET, AND WHERE THE NON-SIGNATORY APPELLEE FAILED TO REPUDIATE THE CONSTRUCTION CONTRACT?

Appellant's Brief at 3–4.

 In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, *Witmer v. Exxon Corp.*, 260 Pa.Super. 537, 394 A.2d 1276 (1978), *affirmed*, 495 Pa. 540, 434 A.2d 1222 (1981), in order to evaluate the sufficiency of the facts averred. *Mar Ray, Inc. v. Schroeder*, 242 Pa.Super. 14, 363 A.2d 1136 (1976). *See Lisk Plumbing and Heating Co., Inc. v. Schons*, 283 Pa.Super. 344, 423 A.2d 1288 (1981) (agreements accompanying complaint are part of record).

> Our inquiry goes only to determining the legal sufficiency of appellant's complaint and we may only decide whether sufficient facts have been pleaded which would permit recovery if ultimately proven. *Gordon v. Lancaster Osteopathic Hosp. Ass'n.*, 340 Pa.Super. 253, 489 A.2d 1364 (1985). We must be able to state with certainty that "upon the facts averred, the law will not permit recovery by the plaintiff." *Berger v. Ackerman*, 293 Pa.Super. 457, 459, 439 A.2d 200, 201 (1981).

*Fizz v. Kurtz, Dowd & Nuss, Inc.*, 360 Pa.Super. 151, 153, 519 A.2d 1037, 1038 (1987). *See also Valley Forge Towers South Condominium v. Ron–Ike Foam Insulators, Inc.*, 393 Pa.Super. 339, 345, 574 A.2d 641, 644 (1990), *affirmed*, 529 Pa. 512, 605 A.2d 798 (1992).

> For the purpose of testing the legal sufficiency of the challenged pleading a preliminary objection in the nature of

a demurrer admits as true all well-pleaded, material, relevant facts, *Savitz v. Weinstein*, 395 Pa. 173, 149 A.2d 110 (1959); *March v. Banus*, 395 Pa. 629, 151 A.2d 612 (1959), and every inference fairly deducible from those facts, *Hoffman v. Misericordia Hospital of Philadelphia*, 439 Pa. 501, 267 A.2d 867 (1970); *Troop v. Franklin Savings Trust*, 291 Pa. 18, 139 A. 492 (1927). The pleader's conclusions or averments of law are not considered to be admitted as true by a demurrer. *Savitz v. Weinstein, supra.*

*Morehall Contracting Co., Inc. v. Brittany Estates Limited Partnership*, 396 Pa.Super. 265, 267, 578 A.2d 508, 509 (1990), *allocatur denied*, 527 Pa. 635, 592 A.2d 1303 (1991). Moreover, in reviewing the sustaining of a demurrer, we are not bound to defer to the trial court's inferences nor to its conclusions of law. *Valley Forge Towers South Condominium v. Ron–Ike Foam Insulators, Inc., supra; Neff v. Lasso*, 382 Pa.Super. 487, 555 A.2d 1304 (1989). We will sustain the demurrer if, upon our review, the complaint fails to set forth a cause of action. *Abadie v. Riddle Memorial Hospital*, 404 Pa.Super. 8, 589 A.2d 1143 (1991). Finally, when the sustaining of preliminary objections results in the denial of a claim or the dismissal of a suit in a mechanics' lien proceeding, preliminary objections should be sustained only where the case is clear and doubtless. *Castle Pre–Cast Superior Walls of Delaware, Inc. v. Strauss–Hammer*, 416 Pa.Super. 53, 56, 610 A.2d 503, 504 (1992); *Valley Forge Towers South Condominium v. Ron–Ike Foam Insulators, Inc., supra.*

Appellant asserts that the trial court erred when it sustained appellees' preliminary objections to its perfected mechanics' lien complaint. Appellant argues that there was insufficient evidence of record to dispose of its complaint by preliminary objection. After a careful review of the record, we conclude that this case is neither clear nor free from doubt, and therefore, we agree that the trial court improperly dismissed appellant's complaint.

■ Well-settled law in Pennsylvania recognizes that:

Where real estate is ... held [as tenants by the entireties], neither spouse, acting independently, may create or terminate any legal interest in the land to the prejudice of the other spouse. *Schweitzer v. Evans,* 360 Pa. 552, 63 A.2d 39 [ (1949) ]. There is, however, with respect to entireties property, a well established presumption that during the term of the marriage, either spouse has the power to act for both, without specific authorization, so long as the benefits of such action inure to both. *Schweitzer v. Evans, supra; Madden [et al.] v. Gosztonyi Savings and Trust Company,* 331 Pa. 476, 200 A. 624 [ (1938) ], 117 A.L.R. 904. This presumption may be rebutted by evidence that the spouse acting was not in fact authorized by the other spouse. *J.R. Christ Construction Company v. Olevsky,* 426 Pa. 343, 348–49, 232 A.2d 196, 199 (1967). However, "the presumption ... stands unless and until the other spouse establishes by a preponderance of the evidence that at the time the contract was made and the services were performed under it, the contracting spouse was, in fact, not authorized to act for and to bind [the other spouse] in contracting for improvement of the entireties property, the benefits of which ran in favor of both tenants by the entireties." *Id. Accord Miller v. Benjamin Coal Company,* 425 Pa.Super. 316, 625 A.2d 66 (1993); *Bradney v. Sakelson,* 325 Pa.Super. 519, 473 A.2d 189 (1984). It is presumed that the construction contract is ratified when a non-contracting spouse accepts by affirmation, because the non-contracting spouse must have had knowledge not only that work was being done on the property, but also that a contract had been made by someone acting as if he was the [sole] owner. *See Gingrich v. Dissinger,* 184 Pa.Super. 307, 134 A.2d 362 (1957) (in mechanics' lien action by contractor against husband and wife based upon oral contract with husband only, evidence was sufficient to justify jury's finding that wife had knowledge of contract and failed to repudiate it; thus her interest in property will be subject to the lien).

▪ It is not clear and doubtless from the record before us whether Mrs. Lee lacked knowledge of the construction work performed on her land. On the contrary, there are strong

averments indicating she must have had notice. It is averred that she signed, as a joint owner, the construction mortgage with which she and her husband financed the bulk of the construction work. It is also averred that Mrs. Lee was present during and took part in all the preliminary arrangements and oral agreements with appellant-contractors. *See National Supply and Construction Company v. Fitch,* 55 Pa.Super. 212 (1913) (contract was in name of husband only, but wife was about premises from time to time, had notice that plaintiff-contractor was at work, and no notice of repudiation of contract was given to plaintiff, therefore inference of ratification on part of wife). It is also averred that appellant conducted all transactions with both appellees, and that all payments to appellant were made by both appellees. In addition, the property, as improved, was listed as a jointly-owned asset, valued at $1.1 million, when appellees filed their bankruptcy petition.[2] One may infer that Mrs. Lee affirmed the written contract by acceptance of its benefits having failed to repudiate them. *Gingrich v. Dissinger, supra; Hoffman v. Misericordia Hospital of Philadelphia, supra; Miller v. Benjamin Coal Co., supra. See also Constitution Bank v. Olson,* 423 Pa.Super. 134, 148, 620 A.2d 1146, 1154 (1993) (Cirillo, J., dissenting) (tenancy by the entireties should not apply to prevent a creditor "from collecting on a debt to which it is legally entitled"); *Howard Savings Bank v. Cohen,* 414 Pa.Super. 555, 556–57, 607 A.2d 1077, 1083 (1992) (Cirillo, J., dissenting) (attributes of tenancy by entireties should not be allowed to serve an inequity).

Having examined the averments in the complaint, together with the documents and exhibits attached thereto, we cannot state with certainty that, upon the facts averred, the law will not permit the imposition of a mechanics' lien upon appellees' property. *See Valley Forge Towers v. Ron–Ike Foam Insula-*

2. The written contract price plus addendum in consideration for the construction of a restaurant on appellees' property was $295,952.00. The "extras and change orders" which accrued during the construction project, in the amount of $158,919.65, resulted in an increase in the total benefit to appellees from $295,952.00 to $454,871.65. Appellees paid appellant $294,849.00, leaving a balance due and owing of $160,-022.65.

*tors, Inc., supra.* We also cannot conclude that the case is clear and free from doubt. *Castle Pre–Cast Superior Walls of Delaware, Inc. v. Strauss–Hammer, supra; Valley Forge Towers v. Ron–Ike Foam Insulators, Inc., supra.* There exist certain issues of fact which may not be resolved properly through preliminary objections in the nature of a demurrer and must be explored through evidentiary presentation.

Thus, we hold that the imposition of a mechanics' lien on property held by a married couple as tenants by the entireties may not be defeated by the married couple's preliminary objections asserting that one of the spouses failed to sign the construction contract, where the construction contractor has alleged that the non-signing spouse was fully aware of both the construction contract and all subject change orders pertaining to this contract, signed the construction mortgage, made payments to the construction contractor and enjoyed the benefits of the improvements made to the entireties property. Therefore, we reverse the order of the trial court which sustained appellees' preliminary objections and dismissed appellant's mechanics' lien, and remand the case for proceedings in conformance with this opinion.

Order reversed; case remanded; jurisdiction relinquished.