**DENLINGER, INC., Appellant,**

v.

**Saverio A. AGRESTA and Andrea J. Agresta, Appellees (Two Cases).**

Superior Court of Pennsylvania.

Argued Jan. 28, 1998.

Filed May 28, 1998.

---

Hanna A. Dunlap, Lancaster, for appellant.

Robert D. Ardizzi, Blue Bell, for appellees.

Before McEWEN, President Judge and KELLY and HOFFMAN, JJ.

KELLY, Judge:

In this appeal, we are called upon to determine whether pleading as both a contractor and subcontractor under the Mechanics' Lien Law at 49 P.S. § 1501 *et seq.* will defeat the acquisition of the sought-after lien. We conclude that the dual characterization in appellant's complaint and claim does not defeat the claim nor warrant dismissal of the action. Accordingly, we reverse and vacate the May 6, 1997 and the May 27, 1997 orders, which

sustained the appellees' preliminary objections to appellant's mechanics' lien complaint and claim. We remand for reinstatement of the complaint and claim and for proceedings consistent with this opinion.

The relevant facts and procedural background of this case are as follows. Appellant provided, on credit, certain building materials and supplies to Davis–Giovinazzo Construction Company, Inc. for use in the construction of a private, residential structure for appellees on a parcel of land known as 1355 Brighton Way, Edgemont Township, Delaware County. The last day of delivery was October 24, 1996.[1] Appellant did not receive full payment for the materials. A balance of $54,096.00 remains due on the account. On November 18, 1996, appellant provided appellees with the requisite notice of intent to file a mechanics' lien claim. Subsequently, on December 30, 1996, appellant filed a mechanics' lien claim. On January 27, 1997, appellant filed a complaint upon the mechanics' lien claim.

Appellees responded on March 12, 1997, by filing preliminary objections to the claim and to the complaint, with a memorandum in support of their objections. Appellant filed a brief in opposition. On May 6, 1997, the trial court issued an order sustaining appellees' preliminary objections to the mechanics' lien complaint. Thereafter, on May 27, 1997, the trial court issued a second order, which separately sustained the preliminary objections to appellant's mechanics' lien claim and struck the claim. These timely appeals followed.[2]

 On appeal, appellant poses a single query:

SHOULD THE ORDER SUSTAINING PRELIMINARY OBJECTIONS TO DENLINGER'S MECHANICS' LIEN CLAIM AND COMPLAINT BE REVERSED?

(Appellant's Brief at 5).

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the aver-

ments in the complaint, together with the documents and exhibits attached thereto, *Witmer v. Exxon Corp.*, 260 Pa.Super. 537, 394 A.2d 1276 (1978), *affirmed*, 495 Pa. 540, 434 A.2d 1222 (1981), in order to evaluate the sufficiency of the facts averred. *Mar Ray, Inc. v. Schroeder*, 242 Pa.Super. 14, 363 A.2d 1136 (1976). *See Lisk Plumbing and Heating Co., Inc. v. Schons*, 283 Pa.Super. 344, 423 A.2d 1288 (1981) (agreements accompanying complaint are part of record).

> Our inquiry goes only to determining the legal sufficiency of appellant's complaint and we may only decide whether sufficient facts have been pleaded which would permit recovery if ultimately proven. *Gordon v. Lancaster Osteopathic Hosp. Ass'n.*, 340 Pa.Super. 253, 489 A.2d 1364 (1985). We must be able to state with certainty that "upon the facts averred, the law will not permit recovery by the plaintiff." *Berger v. Ackerman*, 293 Pa.Super. 457, 459, 439 A.2d 200, 201 (1981).

*Fizz v. Kurtz, Dowd & Nuss, Inc.*, 360 Pa.Super. 151, 153, 519 A.2d 1037, 1038 (1987). *See also Valley Forge Towers South Condominium v. Ron–Ike Foam Insulators, Inc.*, 393 Pa.Super. 339, 345, 574 A.2d 641, 644 (1990), *affirmed*, 529 Pa. 512, 605 A.2d 798 (1992).

*Guistra Development Co., Inc. v. Lee*, 428 Pa.Super. 394, 399, 631 A.2d 199, 201–02 (1993). This Court will reverse the trial court's decision only where there has been an error of law or abuse of discretion. *Bocchicchio v. General Public Utilities Corp.*, 456 Pa.Super. 23, 26, 689 A.2d 305, 307 (1997). Further, "when the sustaining of preliminary objections results in the denial of a claim or the dismissal of a suit in a mechanics' lien proceeding, preliminary objections should be sustained only where the case is clear and doubtless." *Guistra Development Co., Inc. v. Lee, supra. Id.* at 400, 631 A.2d at 202 (citing *Castle Pre–Cast Superior Walls of Delaware, Inc. v. Strauss–Hammer*, 416

---

**1.** At all relevant times, appellees were the record owners of the parcel of land. In addition, Saverio Agresta was a corporate officer of Davis–Giovinazzo Construction Company, Inc.

**2.** We have consolidated these appeals for disposition because they implicate the same underlying facts and circumstances and raise the same issue for resolution.

Pa.Super. 53, 56, 610 A.2d 503, 504 (1992); *Valley Forge Towers South Condominium v. Ron–Ike Foam Insulators, Inc., supra* ).

## I. Mechanics' Lien Complaint

■ First, appellant asserts that the trial court erred when it sustained appellees' preliminary objections to the mechanics' lien complaint. Appellant argues that appellees' objection to its alternative claims as subcontractor and contractor should not have been sustained because there is no prohibition against such alternative pleadings under the mechanics' lien law or the Pennsylvania Rules of Civil Procedure. Appellant also maintains that the complaint did not lack requisite specificity and should not have been dismissed on this basis. We agree.

Rule 1020 of the Pennsylvania Rules of Civil Procedure provides, in pertinent part:

(a) The plaintiff may state in the complaint more than one cause of action against the same defendant heretofore asserted in assumpsit or trespass. Each cause of action and any special damage related thereto shall be stated in a separate count containing a demand for relief.

(b) If persons join as plaintiffs under Rules 2228, 2229(a) or (e), the complaint shall state the cause of action, any special damage, and the demand for relief of each plaintiff in a separate count, preceded by a heading naming the parties to the cause of action therein set forth.

(c) Causes of action and defenses may be pleaded in the alternative.

(d)(1) If a transaction or occurrence gives rise to more than one cause of action against the same person, including causes of action in the alternative, they shall be joined in separate counts in the action against any such person.

\* \* \* \* \* \*

(4) Failure to join a cause of action as required by subdivision (d)(1) of this Rule shall be deemed a waiver of that cause of action as against all parties to the action.

Pa.R.Civ.P. 1020.

In the instant case, in an overabundance of caution, appellant filed its mechanics' lien complaint in two counts. In Count I, appellant characterized itself as a subcontractor by virtue of having contracted with Davis–Giovinazzo Construction Company, Inc., of which Saverio Agresta is a corporate officer. In Count II, appellant characterized itself as a contractor, averring that it had contracted with Saverio Agresta in his individual capacity and also as the authorized agent of his wife, Andrea Agresta. Appellant included this information in the numbered paragraphs of his complaint and attached a full copy of the mechanics' lien claim as an exhibit. Appellees refer to appellant's proffer of both characterizations as "alternative pleading." However, the only guidance on alternative pleadings contained in the Pennsylvania Rules of Civil Procedure is Rule 1020. Rule 1020 refers only to the alternative pleading of more than one cause of action or more than one defense, not, as here, to pleading in "alternative" characterizations. Because our research reveals no prohibition against this type of pleading in the Pennsylvania Rules of Civil Procedure, we hold that appellant's complaint, although not artfully drawn, is sound and should not have been dismissed with prejudice on that basis.

■ Further, appellant asserts that the trial court erred when it sustained appellees' preliminary objection on the ground that appellant failed to attach to the complaint a copy of the alleged contract, upon which appellant's claim rests, pursuant to Pa.R.C.P. 1019. We agree.

■ Rule 1019 of the Pennsylvania Rules of Civil Procedure states, in pertinent part:

(h) A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to him, it is sufficient so to state, together with the reason, and to set forth the substance of the writing.

Pa.R.Civ.P. 1019(h). However, where the pleading does not specify whether the alleged contract was written or oral, the inference is that it was an oral contract. *Harvey Prob-ber, Inc. v. Kauffman*, 181 Pa.Super. 281, 285, 124 A.2d 699, 700 (1956).

■ Here, we conclude that appellant did not violate Rule 1019(h) when it failed to attach a "copy" of the alleged contract to the complaint because the agreement was not alleged as a "written" agreement. Therefore, the lawful inference is that the agreement was an oral agreement, which obviously could not be attached to the complaint. *See Harvey Probber, Inc. v. Kauffman, supra.* Further, there existed sufficient documentation of record to support appellant's assertion that an agreement between the parties existed. Thus, we hold that the trial court also erred as a matter of law when it sustained appellees' preliminary objections and dismissed the complaint with prejudice on this ground.

## II. Mechanics' Lien Claim

Next, appellant asserts that the trial court erred in striking its mechanics' line claim because there is no express statutory prohibition to alternative characterization of an entity as both a contractor and subcontractor. Appellant maintains, to the contrary, that the record does supports its substantial compliance with 49 P.S. § 1503(5). Appellant also contends that appellees' characterization of the claim as lacking in specificity is without merit. For the following reasons, we agree with appellant that the trial court improperly struck appellant's mechanics' lien claim.

Section 1503 of Title 49 delineates the necessary contents of a mechanics' lien claim as follows:

The claim shall state:

(1) the name of the party claimant, and whether he files as contractor or subcontractor;

(2) the name and address of the owner or reputed owner;

(3) the date of completion of the claimant's work;

(4) if filed by a subcontractor, the name of the person with whom he contracted, and the dates on which preliminary notice, if required, and of formal notice of intention to file a claim was given;

(5) if filed by a contractor under a contract or contracts for an agreed sum, an identification of the contract and a general statement of the kind and character of the labor or materials furnished;

(6) in all other cases than that set forth in clause (5) of this section, a detailed statement of the kind and character of the labor or materials furnished, or both, and the prices charged for each thereof;

(7) the amount or sum claimed to be due; and

(8) such description of the improvement and of the property claimed to be subject to the lien as may be reasonable necessary to identify them.

49 P.S. § 1503.

■ In *Delmont Mechanical Services, Inc. v. Kenver Corporation,* 450 Pa.Super. 666, 677 A.2d 1241 (1996), this Court stated: "The Mechanics' Lien Law is a creature of statute in derogation of the common law...." *Id.* at 672, 677 A.2d at 1244 (citing *King's Oak Liquidators v. Bala Cynwyd Hotel Associates,* 405 Pa.Super. 250, 592 A.2d 102 (1991)); *see Castle Pre–Cast Superior Walls of Delaware, Inc. v. Strauss–Hammer,*416 Pa.Super. 53, 56, 610 A.2d 503, 504 (1992); *Flick Construction, Inc. v. Dyke,* 401 Pa.Super. 168, 170, 584 A.2d 1033, 1034 (1991). "Therefore, any questions of interpretation should be resolved in favor of a strict, narrow construction." *Delmont Mechanical Services, Inc. v. Kenver Corporation, supra* (citing *Raymond S. Hess, Inc. v. Kutner,* 13 D. & C.3d 556, *affirmed,* 268 Pa.Super. 610, 413 A.2d 1125 (1979)). To effectuate a valid lien claim, the contractor/subcontractor must be in strict compliance with the notice requirements of the Mechanics' Lien Law. *Castle Pre–Cast Superior Walls of Delaware, Inc. v. Strauss–Hammer, supra.*

"However, it is also clear that when the sustaining of preliminary objections will result in a denial of claim or a dismissal of suit, preliminary objections in a mechanics' lien proceeding should be sustained only in cases which are clear and free from doubt." *Id.* (citing *Chambers v. Todd Steel Pickling, Inc.,* 323 Pa.Super. 119, 470 A.2d 159 (1983)). "Further, we have recognized that while the notice and other requirements under the Mechanics' Lien Law are to be strictly con-

strued, we must also apply the doctrine of substantial compliance to temper such strict construction." *Id.* (*citing Tesauro v. Baird*, 232 Pa.Super. 185, 335 A.2d 792 (1975)).

> [A]ll the cases agree that a substantial compliance is sufficient, and this is shown to exist wherever enough appears, on the face of the statement, to point the way to successful inquiry. Adherence to the terms of the statute is indispensable, but the rule must not be pushed into such niceties as to serve but to perplex and embarrass a remedy intended to be simple and summary, *without, in fact, adding any-*thing to the security of the parties having an interest in the building sought to be encumbered. Certainty to a common intent has, therefore, always been held to suffice.

*Tesauro v. Baird, supra* at 189, 335 A.2d at 793–94 (*quoting Knabb's Appeal*, 10 Pa. 186, 188 (1849)). *See generally Mullooly v. Short*, 365 Pa. 141, 74 A.2d 136 (1950); *American Car & Foundry Company v. Alexandria Water Company*, 215 Pa. 520, 64 A. 683 (1906); *J.H. Hommer Lumber Co., Inc. v. Dively*, 401 Pa.Super. 72, 584 A.2d 985 (1990); *Marchak v. McClure*, 176 Pa.Super. 381, 108 A.2d 77 (1954); *Russell M. Howe, Inc. v. Beloff*, 162 Pa.Super. 33, 56 A.2d 352 (1948).

■ In the instant case, appellant is named as the party claimant in the mechanics' lien claim. Appellant also included the name and address of the owner of the property and of the Construction Company which the owner allegedly represented; the name of the person with whom appellant had contracted; the date on which formal notice of intention to file a claim was provided; a general statement of the kind and character of the labor or materials furnished and the prices charged for each thereof; the amount or sum claimed to be due; and a description of the improvement and of the property claimed to be subjected to the lien. *See* 49 P.S. § 1503(1) – (8). Appellant attached to the claim "true and correct" copies of all pertinent invoices, a copy of the deed of the property subject to the lien claim, and copies of notices of intent to file the Mechanics' Lien along with the signed, return receipts evidencing proper service.

However, in the claim, appellant identified itself as a contractor with respect to the owners of the property and as a subcontractor with respect to the Construction Company of which the property owner was a corporate officer. Appellant's identification of itself both as a contractor and as a subcontractor in a single claim was appellees' principal objection to the claim. It was also one ground upon which the trial court struck the claim. Under the construction rules pertaining to the Mechanics' Lien Law, tempered by the doctrine of substantial compliance, we hold that appellant sufficiently satisfied the requirements of the statute; *i.e.,* enough appears in appellant's mechanics' lien claim to point the way to successful inquiry. *See Castle Pre–Cast Superior Walls of Delaware, Inc. v. Strauss–Hammer, supra; Tesauro v. Baird, supra.* Thus, the dual characterization is not fatal to appellant's claim and the trial court erred when it struck appellant's claim on this basis.

■ Further, appellant's inclusion in the claim of a general statement of the kind and character of the labor or materials furnished and the prices charged for each thereof; the amount or sum claimed to be due; and a description of the improvement and of the property claimed to be subjected to the lien; and "true and correct" copies of all pertinent invoices substantially identified the alleged oral contract between the parties. *See id.* Therefore, we hold that the trial court also erred when it struck appellant's claim for failure to identify sufficiently the alleged contract between the parties.

■ In light of appellant's substantial compliance with the requirements of the Mechanics' Lien Law at 49 P.S. § 1501 *et seq.,* its mechanics' lien claim should not have been stricken.[3] Accordingly, we reverse and

---

**3.** We recognize that there can be situations where an entity may not know its precise status (contractor or subcontractor) under the Mechanics' Lien Law. Our research, however, has not uncovered any cases in which dual characterization alone was held to be fatal to the claim, particularly where the claimant has otherwise fully complied with the statutory requirements.

vacate the orders of the trial court; which struck appellant's mechanics' lien claim and dismissed its complaint with prejudice. We remand the matter for reinstatement of the mechanics' lien claim and complaint and for proceedings in conformance with this opinion.

Orders reversed and vacated; case remanded; jurisdiction relinquished.

We note that where the owner of a parcel of real property is also the general contractor for a building to be erected thereon, any person dealing with the general contractor is himself a general contractor rather than a subcontractor. *Camden Wood–Turning Co. v. Malcolm*, 190 Pa. 62, 65, 42 A. 458 (1899); *L–Co Cabinet Corp. v. Summit Square Apartments, Inc.*, 64 D. & C.2d 528, 532 (1973). Therefore, we conclude that an amendment of the claim under 49 P.S. § 1504 would have been the appropriate course in this case. *See generally Zeigler Lumber & Supply Co. v. Golden Triangle Development Co., Inc.*, 229 Pa.Super. 548, 326 A.2d 524 (1974)(providing for liberal construction of this section in favor of amendment).