J. S44013/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LAWNDALE CONSTRUCTION MANAGEMENT, LLC, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 3395 EDA 2015 |
| 1840 S. CAMAC ST. PARTNERS GP, LLC | : | |
| | : | |

Appeal from the Order, October 2, 2015,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. June Term 2015  M0017

BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND MUSMANNO, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 11, 2016**

Lawndale Construction Management, LLC ("appellant"), appeals the order of the Court of Common Pleas of Philadelphia County that sustained the preliminary objections of 1840 S. Camac St. Partners GP LLC ("appellee") and struck appellant's mechanics' lien.

On June 19, 2015, appellant commenced an action by filing a mechanics' lien which alleged that appellant began work on property located at 1840 South Camac Street, Philadelphia, Pennsylvania ("Property"), on or about September 2014 and which continued until at least June 15, 2015. Appellant further alleged that it performed the work for appellee pursuant to an agreement to construct a seven-unit planned unit development residential building on the Property.  Appellant also alleged that it "provided

substantial materials and services to construct the building . . . including engineering, excavation, foundation, plumbing, masonry, carpentry, roofing, windows, doors and other construction materials and services for which [appellant] has been paid partially but not completely." (Claim of Lien -- 49 P.S. § 1503, 6/19/15 ("Lien") at 2 ¶5.) Appellant alleged that it was due to be paid $161,000.

On September 2, 2015, appellee preliminarily objected and asserted that it was not the record owner of the Property and that the record owner was 1840 S. Camac St. Partners, LP ("Partners, LP"). Appellee alleged that Partners LP entered into a residential construction contract with appellant where appellant was to serve as general contractor for the construction project at the Property. Appellee alleged that appellant agreed to a waiver of liens in the contract which was attached as an exhibit to the preliminary objections. Appellee moved to strike the mechanics' lien claim because of the waiver of liens.

On September 23, 2015, appellant answered the preliminary objections and denied that the contract attached to the preliminary objections was the agreement to perform work at the Property and denied that appellant executed the agreement. Appellant also asserted that it did not execute the lien waiver. Appellant's counsel submitted a declaration that the purported lien waiver did not contain the signature of Thomas Niedermayer ("Niedermayer"), president and sole member of

appellant. Niedermayer included a declaration that he did not sign the contract and lien waiver and did not authorize anyone to sign on his behalf.

By order dated September 30, 2015 and filed October 2, 2015, the trial court sustained the preliminary objections and struck the mechanics' lien claim:

> In the instant case, this court sustained Appellee's Objections and struck the lien for the following reasons. Appellant's claim did not state whether the "agreement" was a written or oral contract, and thus this court could not discern whether Appellant's failure to attach the claim was due to the nature of the contract or Appellant's own failure to attach said contract. While it is not always necessary that a claimant attach a contract, for example, where the specification of the size, weight and price of material, with averments of the kind to be furnished, the amount due, the manner in which such amount is made up and the date when the last material was furnished was sufficient compliance with the act, in the instant case, Appellant provided nothing that would allow this court to verify the legitimacy of its claims. Additionally, the claim did not identify the type of contract nor provide an agreed-upon sum pursuant to 49 P.S. § 1503(5), nor did it provide a detailed statement of the kind and character of the labor or materials furnished and the prices charged for each thereof.
>
> Finally, Appellant's claim did not state when the work had been completed and, in fact did **not** indicate that the work was completed: the claim stated only that the work has "continued until at least June 15, 2015."
>
> Appellant did not apply for leave of court to amend the Lien.
>
> Consequently, the Mechanics Lien was facially insufficient and properly stricken.

Trial court opinion, 1/5/16 at 4-5 (citation omitted; emphasis in original).

Appellant raises the following issue for this court's review:

> Did the court below err as a matter of law in striking Appellant's mechanics lien claim as facially deficient when the claim set forth the existence of the construction agreement, provided a general description of the labor and materials furnished, set forth the amount due and owing under the contract, and averred that claimant's work continued at least until a specified date that was within six months of the filing of the lien claim?

Appellant's brief at 2.

> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, **Witmer v. Exxon Corp.**, 260 Pa.Super. 537, 394 A.2d 1276 (1978), **affirmed**, 495 Pa. 540, 434 A.2d 1232 (1981), in order to evaluate the sufficiency of the facts averred. **Mar Ray, Inc. v. Schroeder**, 242 Pa.Super. 14, 363 A.2d 1136 (1976). **See Lisk Plumbing and Heating Co., Inc. v. Schons**, 283 Pa.Super. 344, 423 A.2d 1288 (1981) (agreements accompanying complaint are part of record).
>
> Our inquiry goes only to determining the legal sufficiency of appellant's complaint and we may only decide whether sufficient facts have been pleaded which would permit recovery, if ultimately proven. **Gordon v. Lancaster Osteopathic Hosp. Ass'n**., 340 Pa.Super. 253, 489

A.2d 1364 (1985). We must be able to state with certainty that upon the facts averred, the law will not permit recovery by the plaintiff.' *Berger v. Ackerman*, 293 Pa.Super. 457, 459, 439 A.2d 200, 201 (1981).

*Fizz v. Kurtz, Dowd & Nuss, Inc.*, 360 Pa.Super. 151, 153, 519 A.2d 1037, 1038 (1987). *See also Valley Forge Towers South Condominium v. Ron-Ike Foam Insulators, Inc.*, 393 Pa.Super. 339, 345, 574 A.2d 641, 644 (1990), *affirmed*, 529 Pa. 512, 605 A.2d 798 (1992).

*Guistro Development Co.*, *Inc. v. Lee*, 428 Pa.Super. 394, 399, 631 A.2d 199, 201-202 (1993). This Court will reverse the trial court's decision only where there has been an error of law or abuse of discretion. *Bocchicchio v. General Public Utilities Corp.*, 456 Pa.Super. 23, 26, 689 A.2d 305, 307 (1997). Further, "when the sustaining of preliminary objections results in the denial of a claim or the dismissal of a suit in a mechanics' lien proceeding, preliminary objections should be sustained only where the case is clear and doubtless." *Guistro Development Co., Inc.,* *supra*. *Id.* at 400, 631 A.2d at 202 (citing *Castle Pre-Cast Superior Walls of Delaware, Inc. v. Strauss-Hammer*, 416 Pa.Super. 53, 56, 610 A.2d 503, 504 (1992); *Valley Forge Towers South Condominium v. Ron-Ike Foam Insulators, Inc.*, *supra*).

*Denlinger, Inc. v. Agresta*, 714 A.2d 1048, 1050-1051 (Pa.Super 1998).

"To effectuate a valid lien claim, the contractor/subcontractor must be in strict compliance with the notice requirements of the Mechanics' Lien Law." *Id.* at 1052. However, while the notice and other requirements under

the Law are to be strictly construed, Pennsylvania courts apply the doctrine of substantial compliance such that if enough appears on the face of the statement to lead to successful inquiry, the claim may go forward. *Id.* at 1052-1053.

Appellant contends that the claim of lien provided the information required by the Mechanics' Lien Law of 1963 ("Law").[1] Appellant argues that its claim of lien identified the contract, described the scope of work, set forth the amount then due under the contract, and identified the time frame of the work with sufficient specificity to demonstrate that the lien was timely filed.

Section 503 of the Law, 49 P.S. § 1503, provides:

> The claim shall state:
>
> (1)  the name of the party claimant, and whether he files as contractor or subcontractor;
>
> (2)  the name and address of the owner or reputed owner;
>
> (3)  the date of completion of the claimant's work;
>
> (4)  if filed by a subcontractor, the name of the person with whom he contracted, and the dates on which preliminary notice, if required, and of formal notice of intention to file a claim was given;
>
> (5)  if filed by a contractor under a contract or contracts for an agreed sum, an identification of the contract and a general statement of the

---

[1] Act of August 24, 1963, P.L. 1175, *as amended*, 49 P.S. §§ 1101-1902.

> kind and character of the labor or materials furnished;
>
> (6) in all other cases than that set forth in clause (5) of this section, a detailed statement of the kind and character of the labor or materials furnished, or both, and the prices charged for each thereof;
>
> (7) the amount or sum claimed to be due; and
>
> (8) such description of the improvement and of the property claimed to be subject to the lien as may be reasonably necessary to identify them.

49 P.S. § 1503.

The claim of lien stated that appellant performed work pursuant to an "agreement" to construct a seven-unit planned unit development residential building. As a result of this agreement, the claim of lien states that appellant provided substantial material and services including "engineering, excavation, foundation, plumbing, masonry, carpentry, roofing, windows, doors and other construction materials and services." (Lien, at 2 ¶5.)

The trial court found that appellant did not indicate whether the "agreement" or contract was written or oral and could not discern whether appellant's failure to attach the contract was because the contract was oral or because appellant simply neglected to do so.

Although not found in the Law, Pa.R.C.P. No. 1019(h) requires that when a claim is based upon an agreement, the pleading shall state if the agreement is oral or written, and if written, the agreement should be attached. Appellant did not indicate in the claim of lien whether the

agreement was oral or written. However, as appellant points out, in *Denlinger*, this court held that where the lien claimant does not indicate in the pleading whether the agreement is oral or written, it is presumed to be oral. As a result, this court finds that the fact that a contract was not included with the claim of lien does not necessarily mean that the claim of lien should be stricken.

Section 503(5) of the Law, 49 P.S. § 1503(5), also provides that if the contract is for an agreed sum, a general statement of the kind and character of the labor or materials furnished is required. The trial court determined that appellant failed to provide an agreed upon sum. A review of the claim of lien confirms that. Although the claim of lien states that the amount of $161,000 is due to be paid from the owner of the property for work performed, the claim of lien does not indicate whether this was an agreed upon amount in the contract. As a result, the claim of lien does not meet the requirements of Section 503(5) of the Law.

Section 503(6) of the Law, 49 P.S. § 1503(6), provides that if there is not a contract for an agreed upon sum, then "a detailed statement of the kind and character of the labor or materials furnished, or both, and the prices charged for each thereof" must be included on the statement of lien. As the trial court noted, the claim of lien does not include this important information. While this court is cognizant of the doctrine of substantial compliance, the absence of this basic information does not indicate

substantial compliance with the Law. Additionally, the trial court reported that appellant did not ask for leave of court to amend the claim of lien. The trial court did not err when it sustained the preliminary objections on the basis that the claim of lien did not contain the information required under the Law.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/2016