## L-Co Cabinet Corp. v. Summit Square Apartments, Inc.

*Thomas A. Ehrgood,* of *Ehrgood & Ehrgood,* for claimant.

*Frederick S. Wolfson,* of *Egli, Walter, Reilly & Wolfson,* for owner.

GATES, P. J., May 8, 1973.—This matter is before us on defendant's amended preliminary objections in the nature of a motion to discharge a mechanic's lien. Plaintiff has filed an answer to the preliminary objections, and we have been notified by counsel that there will be no depositions and the matter is submitted to us on the basis of briefs previously filed in the case.

In this state of the record, we must consider all averments of fact responsive to the preliminary objections and properly pleaded in the answer as deemed admitted: Pennsylvania Rule of Civil Procedure 209.

I

Defendant asserts that the lien should be discharged because it was filed against Summit Square Apartments, Inc., the owner or reputed owner of the apartments located at 1201 Crestview Drive, Lebanon, Pa., and, in fact, the apartments are owned by Summit Square Apartments, a limited partnership, and an entirely different entity than the corporation against whom the mechanic's lien is filed. The responsive answer by plaintiff is that by prior dealings and contracts between the parties, the claimant was led to believe and did believe that the Summit Square Apartments was a corporation. In support of this allegation, defendant attaches a copy of a contract between the parties dated June 19, 1968, wherein Summit Square Apartments is identified as a corporation.

The Mechanics' Lien Law of August 24, 1963, P. L. 1175 (No. 497), art. V, sec. 504, 49 PS §1504, allows a claim to be amended from time to time without prejudice to intervening rights by agreement of the parties or by leave of court, with certain exceptions not here applicable. The Mechanics' Lien Law is remedial and should be liberally construed so long as substantial compliance with its provisions is had: Este v. Pennsylvania Railroad Company, 27 Pa. Superior Ct. 521 (1905); Wolf Co. v. Pennsylvania Railroad, 29 Pa. Superior Ct. 439 (1905). Thus, we are of the opinion that where an owner misleads a party with whom he is contracting as to the nature and capacity in which he is acting, the claimant should be allowed to amend his complaint to comply with the facts. Where, as here, the claimant was misled into believing that he was contracting with a corporation as the owner of the property, where, in fact, he was dealing with individuals as an entity of a limited partnership, we will allow the claim to be amended upon presentation of a proper petition for that purpose and we will not strike the lien for this reason.

## II

Defendant assigns as another reason for discharging the mechanic's lien that pursuant to section 402 of the Mechanics' Lien Law of August 24, 1963, 49 PS §1402, there was a stipulation against mechanic's lien filed in the prothonotary's office on November 27, 1970, and that this was done prior to the commencement of any work on the ground. Defendant appropriately attaches a copy of the recorded stipulation. The claimant responds by pointing out that the owner and general contractor are one and the same person and that, as a matter of law, the stipulation does not bind the claimant.

The stipulation against filing of mechanic's lien clearly identifies the limited partnership as both owner and contractor. In general terms, the stipulation recites that the owner and the contractor are about to execute, contemporaneously with the stipulation, a contract for the erection of an apartment building on the property which is the subject of this mechanic's lien. The stipulation further provides that for a consideration of $1, the contractor and the owner agree that no lien shall be filed against the building by the contractor and that the right to file such lien is expressly waived.

We are of the opinion that the stipulation as well as the contract between the contractor and the owner is a legal nullity. It is fundamental that there must be at least two parties to the making of a contract, for it is a rule of the common law that no man may contract with himself. This is so even where a man is acting in more than one capacity. At law, it is not permissible for one man to deal with himself contractually in another capacity: 1 Williston on Contracts, §18.

While it is true that a written contract between an owner and a contractor which provides that no claim shall be filed by anyone is a binding agreement and effective against subcontractors if properly recorded in the office of the prothonotary in accordance with the act, it is, of course, fundamental that there must be a written valid contract between two parties. In this case, we have no contract at law, therefore, no valid stipulation against the filing of liens.

We are not unaware of the fact that this ruling will have an impact upon the financing of construction where the owner is also the contractor. However, the owner/contractor is not without a remedy. Section 401 of the Mechanics' Lien Law of 1963, 49 PS §1401,

specifically provides that the contractor or subcontractor may waive his right to file a claim by a written instrument signed by him in addition to conduct which might equitably estop him from filing a claim. An owner who is also the general contractor can preserve the priority of a mortgage lien by merely inserting in each contract with subcontractors a written waiver of their right to file a mechanic's lien: Ballman v. Heron, 169 Pa. 510 (1895); Camden Wood Turning Co. v. Malcolm, 190 Pa. 62 (1899); King v. Reese, 11 Dist. 357 (1901); Brown v. Reese, 15 York 121 (1902).

Inasmuch as the stipulation against the filing of mechanics' liens in this case is not valid, it is no reason in support of defendant's motion to discharge the mechanic's lien.

### III

The final reason assigned in support of striking the lien is that the claim fails to set forth the name of the person with whom the subcontractor contracted and the dates on which any preliminary notice or formal notice of intention to file a claim was given. The claimant answers by alleging that the filing of notice was given to defendant, Summit Square Apartments, on May 9, 1972.

Section 503 of the Mechanics' Lien Law of 1963, 49 PS §1503, provides that the claim shall state:

"(4) if filed by a subcontractor, the name of the person with whom he contracted, and the dates on which preliminary notice, if required, and of formal notice of intention to file a claim was given."

As we noted previously in the case, where an owner is also the general contractor, the parties with whom he deals are not subcontractors but contractors: Camden Wood Turning Co. v. Malcolm, supra. Fur-

thermore, the statement of the mechanic's lien claim identifies the claimant as a contractor, not as a subcontractor. Consequently, subparagraph (4) of section 503 is inapplicable. Therefore, this assigned reason will not support the motion to strike the mechanic's lien.

We have considered each and every argument submitted with care and find no reason why we should strike this mechanic's lien claim. Therefore, we will make the following

## ORDER

And now, May 8, 1973, the preliminary objections are dismissed.