584 A.2d 1033

**FLICK CONSTRUCTION, INC., Appellant,**

v.

**Robert F. DYKE, Gary L. Dyke and Larry L. Dyke, Executors of the Estate of Jane E. Dyke, Deceased and Kenneth G. Deitrich.**

Superior Court of Pennsylvania.

Submitted Sept. 4, 1990.

Filed Jan. 11, 1991.

---

Charles A. Schneider, Bellefonte, for appellant.

Christine T. Cosgrove, Bethel Park, for Dyke, appellee.

Kenneth G. Deitrich, pro se.

Before CAVANAUGH, BECK and JOHNSON, JJ.

JOHNSON, Judge.

This is an appeal from an order striking from the record Flick Construction, Inc.'s mechanics' lien claim. We are asked to consider the validity of a purported claim where the kind and character of the labor or materials furnished has not been set forth in the claim pursuant to Section 503 of the Mechanics' Lien Law of 1963, 49 P.S. § 1503. Finding that Flick Construction has failed to satisfy either subsection (5) or subsection (6) of Section 503, we affirm.

Robert F. Dyke, Gary L. Dyke and Larry L. Dyke, appellees herein, executed an agreement for the sale of property to Kenneth G. Deitrich. Flick Construction's mechanics' lien claim averred a direct and oral contract with Deitrich for work performed on the property. Flick Construction claimed that Deitrich was an owner and was acting as an agent with full authority for the other owners, appellees Dyke.

The trial court concluded that Flick Construction did not have a contract with the owner, that it could not claim "subcontractor" status, and that if it could, the preliminary notice required of a subcontractor was not filed. The court further concluded that Flick Construction violated § 503(1) of the Mechanics' Lien Law, 49 P.S. § 1503(1), by claiming "subcontractor" status on the notice of intent, which was never filed with the court, and subsequently claiming "contractor" status upon filing the mechanics' lien claim. Finally, the court concluded that Flick Construction did not detail the work performed as required by 49 P.S. §§ 1503(5) and 1503(6). Thus the mechanics' lien claim was struck on April 19, 1990. This appeal followed.

Flick Construction raises four issues on appeal:

I. Whether the sending of Notices of Intent, which were not filed, followed by the filing of a Mechanics' Lien claim alleging contractor status was a violation of the Mechanics' Lien Law.

II. Whether the defendant, Deitrich, was acting as agent of the defendants, Dyke, when he contracted with the plaintiff.

III. Whether the contract between Deitrich and Flick Construction was sufficiently identified under the Mechanics' Lien Law.

IV. Whether the court below should have had testimony taken on the factual issues raised with respect to Flick Construction's status as contractor.

We affirm the trial court's conclusion that the mechanics' lien claim is invalid on its face because the work performed was not detailed in accordance with 49 P.S. §§ 1503(5) and 1503(6).

 It is well established that strict compliance with the Mechanics' Lien Law is necessary in order to effect a valid claim. *Brann & Stuart Company v. Consolidated Sun Ray, Incorporated,* 433 Pa. 574, 253 A.2d 105 (1969), *cert. denied* 396 U.S. 840, 90 S.Ct. 102, 24 L.Ed.2d 91 (1969). The pertinent provisions read as follows:

§ 1503. **Contents of Claim**

The claim *shall* state:

. . . . .

(5) if filed by a contractor under a contract or contracts for an agreed sum, an identification of the contract and a general statement of the kind and character of the labor or materials furnished;

(6) in all other cases than that set forth in clause (5) of this section, a detailed statement of the kind and character of the labor or materials furnished, or both, and the prices charged for each thereof;

. . . . .

49 P.S. § 1503, emphasis added.

As found by the trial court, Flick Construction's mechanics' lien claim does not aver an agreed upon sum as required by subsection 1503(5). Consequently, a detailed statement of the labor and materials furnished and the prices charged for each is required pursuant to subsection 1503(6). Flick

Construction's mechanics' lien claim does not provide this information.

We do not reach Flick Construction's issues I, II, and IV, the resolution of which could not overcome the claim's facial deficiencies under subsections 1503(5) and 1503(6).

Since strict compliance with the 1963 Law is required, and since Flick Construction has neither satisfied the requirements of subsection 1503(5) nor 1503(6), we need not consider the other issues considered in the well-reasoned Opinion of the Honorable David E. Grine, the distinguished trial judge. We affirm the Order striking from the record Flick Construction, Inc.'s mechanics' lien claim.

Order affirmed.