J-A25016-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROBERT F. BAKER T/D/B/A BAKER CONSTRUCTION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| BERNARD J. LIPTAK AND PRANAY G. AMIN, INDIVIDUALS | : | |
| | : | |
| Appellees | : | No. 422 WDA 2021 |

Appeal from the Order Entered December 3, 2020
In the Court of Common Pleas of Fayette County
Civil Division at No(s): No. 1662 of 2017 GD

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                    **FEBRUARY 4, 2022**

Appellant, Robert F. Baker t/d/b/a Baker Construction, appeals from the order entered in the Fayette County Court of Common Pleas, in favor of Appellees, Bernard J. Liptak and Pranay G. Amin.  Specifically, the court dismissed Appellant's claim filed under the Mechanics' Lien Law of 1963 ("MLL"), 49 P.S. §§ 1101-1902.  We affirm.

The relevant facts and procedural history of this appeal are as follows.

> Appellees purchased real property known as the Ice Mine, a hockey and skating rink, located at 3286 West Crawford Avenue, Dunbar Township, Pennsylvania….  The property had been previously taken over by a bank and then sold to Appellees.  Prior to the purchase of the property, it had been vandalized and seriously damaged.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On or about August 27, 2016, Appellees entered into an oral agreement with Appellant for the repair and remodel of the property to include a restaurant. Appellant, who was the contractor, was to provide labor and materials to remodel the existing property using a diagram provided by Thomas Kinsey, who had been involved with the project for the bank. The parties agree that this was an oral contract for labor and materials with no fixed price. Appellant worked on the project for approximately nine months with modifications and directions for [changes] given to Appellant by Thomas Kinsey. Appellees eventually stopped making payments to Appellant and [Appellant] stopped work on the project on May 8, 2017. On August 2, 2017, Appellant filed a Mechanics' Lien Complaint against the property owners.

(Trial Court Opinion, filed June 8, 2021, at 2-3) (unnumbered).

In the complaint, Appellant claimed that Appellees had "paid $100,000 for most of the work completed, accepted and billed…." (Complaint, filed 8/2/17, at ¶7). Appellant also alleged that Appellees owed "$60,304.00 for labor and materials, plus interest, on the work as completed and billed, and $8,000 for the unbilled kitchen system as completed." (**Id.** at ¶9). The complaint included three exhibits. Exhibits 1 and 2 were architectural drawings of the renovated portions of the property. Exhibit 3 was an invoice, dated July 3, 2017, listing the amount due as $60,304.00.[1]

Appellees filed an answer and new matter on September 13, 2017. In the new matter, Appellees argued that, *inter alia*, Appellant "failed to provide a detailed statement of the kind and character of the labor and materials

_____

[1] The invoice was itemized into three parts: 1) a previous unpaid balance of $49,344.20; 2) $3,360.00 as the rental fee for an electric man lift; and 3) $7,600.00 as the rental fee for a propane forklift. (Complaint at Exhibit 3).

- 2 -

furnished and the prices charged for each," in violation of Section 1503(6) of the MLL. (New Matter, filed 9/13/17, at ¶13). Appellees subsequently filed a motion for summary judgment, which provided additional arguments regarding Appellant's noncompliance with Section 1503(6). On March 12, 2019, the court entered an order disposing of Appellees' summary judgment motion. The court announced that it considered the summary judgment motion as preliminary objections,[2] and it ordered Appellant to file an amended complaint "to comply with the statutory requirements of the [MLL]." (Order, filed 3/12/19).

Appellant filed an amended complaint on March 21, 2019. The amended complaint included two exhibits containing numerous invoices, receipts, and cost breakdowns. On March 27, 2019, Appellees filed an answer and new matter to the amended complaint. In the new matter, Appellees again argued that Appellant failed to provide a detailed statement regarding the labor and

_____

[2] In its opinion, the court elaborated on this point as follows:

> On February 19, 2019, there was oral argument presented on Appellees' motion for summary judgment. At that time, Appellant's attorney made statements that Appellees should have filed preliminary objections to Appellant's complaint instead of filing a motion for summary judgment. The [c]ourt responded to Appellant that [it] was going to construe this [motion] as a preliminary objection in the nature of a demurrer. There were no objections to the [c]ourt's statement and the oral argument continued.

(Trial Court Opinion at 5) (unnumbered).

materials furnished and the prices charged for each. (*See* New Matter to Amended Complaint, filed 3/27/19, at ¶3). Rather, Appellant "only gave a broad description of the alleged money owed and a broad description of what the money was used for." (*Id.* at ¶4).

Thereafter, Appellees filed another summary judgment motion asserting Appellant's noncompliance with Section 1503(6) of the MLL. On February 11, 2020, the court granted summary judgment in part, "in that all invoices and statements that do not comply with the statute shall be excluded from consideration." (Order, filed 2/11/20). The matter proceeded to a bench trial on February 18, 2020. At the conclusion of trial, the court ordered the parties to submit briefs regarding the application of the MLL under the circumstances of this case. Following submission of the briefs, the court entered an opinion and order dismissing Appellant's MLL claim. The court found: "The defects in [Appellant's] claim are substantial. Even after amendment, [Appellant's] evidence did not provide compliance with the statute." (Opinion and Order, filed 12/3/20, at 5) (unnumbered). Appellant timely filed a post-trial motion on December 10, 2020, which the court denied on March 8, 2021.

Appellant timely filed a notice of appeal on April 6, 2021. On April 7, 2021, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed his Rule 1925(b) statement on April 27, 2021.

Appellant now raises four issues for our review:

Did [Appellant's] complaint properly describe the improvements and the kind and character of the labor and materials furnished?

Can a contractor be denied a mechanic's lien for failing to properly describe the unpaid labor and materials furnished when the owner changed the project on a daily basis and did not pay invoices in a way that allowed the contractor to determine exactly what work was paid for and not paid for?

Can a mechanic's lien defendant raise the defense of a contractor's complaint failing to properly describe the improvements by summary judgment after answering the complaint and conducting discovery, or did the owner waive it by not filing preliminary objections under 49 P.S. [§] 1505 and Pa.R.C.P. 1032(a)?

Did the court incorrectly state (it was not used to support the holding) that [Appellees'] daily on-the-job supervisor was not [Appellees'] agent, especially when this issue is irrelevant under the *quantum meruit* doctrine?

(Appellant's Brief at 20).

Our standard of review for matters arising from bench trials is as follows:

Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, where the issue concerns a question of law, our scope of review is plenary.

The trial court's conclusions of law on appeal originating from a non-jury trial are not binding on an appellate court because it is the appellate court's duty to determine if the

- 5 -

trial court correctly applied the law to the facts of the case.

*Ferraro v. Temple University*, 185 A.3d 396, 401 (Pa.Super. 2018) (quoting *Bank of New York Mellon v. Bach*, 159 A.3d 16, 19 (Pa.Super. 2017), *appeal denied*, 642 Pa. 519, 170 A.3d 1019 (2017)).

Appellant's first two issues are related, and we address them together. Appellant contends MLL cases utilize a "rule of 'substantial compliance' when determining if a claim filing has complied with law." (Appellant's Brief at 26). "Thus, if the landowner can determine what work was done, materials supplied, when it occurred, what land it affects and the approximate amount of the charge, the claim meets the statute's requirements." (*Id.* at 27). Appellant insists that his amended complaint substantially complied with the requirements of Section 1503(6), where the exhibits provided: 1) the employees who worked on the project and their hourly wage; 2) the dates and hours worked for the employees at issue; 3) the land involved and the character of the renovation project; 4) a description of a previously unbilled piece of kitchen equipment; and 5) the date when the last work occurred.

Appellant maintains that the trial court committed an error of law because it did not apply a "substantial compliance" standard to its review of the amended complaint. Appellant also asserts he could not "tell the [c]ourt exactly what labor or materials were completed, but not paid for, because [Appellees] made all payments as just round number progress payments." (*Id.* at 32). Appellant concludes that the trial court should not have dismissed

his MLL claim, and this Court must reinstate the claim and remand the matter for a determination of the amount of damages. We disagree.

The MLL "is a statutory 'creation in derogation of the common law … [and] any question of interpretation shall be resolved in favor of strict, narrow construction.'" ***Terra Firma Builders, LLC v. King***, ___ Pa. ___, ___, 249 A.3d 976, 983 (2021) (quoting ***Wyatt Inc. v. Citizens Bank of Pennsylvania***, 976 A.2d 557, 564 (Pa.Super. 2009)).

> We further observe that a mechanics' lien is an extraordinary remedy that provides the contractor with a priority lien on property, an expeditious and advantageous remedy. ***See Philadelphia Constr. Servs., LLC v. Domb***, 903 A.2d 1262, 1267 (Pa.Super. 2006) (mechanics' lien statute provides "an extraordinary remedy" and "an expeditious method to obtain lien at very little cost to claimant"; if claimant is not responsible in timely perfecting the lien, the claim fails, and claimant can seek adequate remedy via breach of contract). Accordingly, a contractor seeking the benefit of the lien must "judiciously adhere to the requirements of the Mechanics' Lien Law" in order to secure a valid and enforceable lien. ***Id.***

***Terra Firma Builders, LLC, supra***.

Mindful of these principles, Section 1503 governs the contents of MLL claims as follows:

### § 1503.  Contents of claim

The claim shall state:

(1)   the name of the party claimant, and whether he files as contractor or subcontractor;

(2)   the name and address of the owner or reputed owner;

(3) the date of completion of the claimant's work;

(4) if filed by a subcontractor, the name of the person with whom he contracted, and the dates on which preliminary notice, if required, and of formal notice of intention to file a claim was given;

(5) if filed by a contractor under a contract or contracts for an agreed sum, an identification of the contract and a general statement of the kind and character of the labor or materials furnished;

(6) **in all other cases than that set forth in clause (5) of this section, a detailed statement of the kind and character of the labor or materials furnished, or both, and the prices charged for each thereof**;

(7) the amount or sum claimed to be due; and

(8) such description of the improvement and of the property claimed to be subject to the lien as may be reasonably necessary to identify them.

49 P.S. § 1503 (emphasis added).

[M]ultiple Pennsylvania cases interpreting the "contents of the claim" section of the Mechanics' Lien Law have long held that [i]n considering a mechanics' lien claim it must be kept in mind that substantial compliance with the Act is sufficient. This is shown to exist wherever enough appears in the statement to point the way to successful inquiry.

***Commerce Bank/Harrisburg, N.A. v. Kessler***, 46 A.3d 724, 735

(Pa.Super. 2012) (internal citations, footnote, and quotation marks omitted).

Instantly, the trial court highlighted Appellant's noncompliance with

Section 1503(6) as follows:

The testimony provided by Appellees' witness, Mrs. Liptak, who issued the checks for payment of the invoices, was [that] Appellees had never been provided with detailed invoices listing costs of material, labor, etc. During the trial,

some of the documents provided were prepared subsequent to the filing of the claim, some even prepared by counsel for Appellant. These were prepared to clarify the issue but had not been previously presented to [Appellees].

[Appellant's] filing did not properly describe the kind and character of the labor and materials furnished. There was no indication of what work had been done on the site or when nor was any documentation provided as to what materials were used and how they were used during the renovation. The documentation presented included proposals, quotations and leases of equipment that Appellant owned and used during the renovation.

(Trial Court Opinion at 6-7) (unnumbered) (internal record citation omitted).

Our review of the record, particularly the amended complaint and its exhibits, confirms the court's conclusion that Appellant failed to comply with Section 1503(6). The amended complaint consists of the following three paragraphs:

11. The averments of the Complaint are incorporated by reference.

12. The breakdown of the labor performed on this Project is attached as Exhibit 4, some of which were billed originally, some prepared in accord with the [c]ourt Order to amend.

13. The invoices for the materials and sub-contract work performed on this Project are attached as Exhibit 5. Most invoices were supplied to [Appellees] at the time of original billing, although a number of the invoices were missed being billed at the time, and were found during discovery in this case, increasing the claim to [$81,127.67].

(Amended Complaint, filed 3/21/19, at ¶¶11-13).

We note that Exhibits 4 and 5 amount to over one hundred pages of invoices and receipts spanning the duration of Appellant's participation in the

- 9 -

renovation project. Specifically, Exhibit 4 includes invoices listing the employees Appellant utilized on certain workdays, as well as the number of hours worked and the hourly wage. These invoices, however, provide vague descriptions of the actual work performed by the employees. Likewise, Exhibit 5 includes receipts for equipment and supplies with no explanation regarding how these materials related to the instant claim.

We acknowledge that exhibits annexed to an MLL claim and filed therewith are considered part of the lien. *See Marchak v. McClure*, 108 A.2d 77, 79 (Pa.Super. 1954). Nevertheless, we decline to accept the procedure utilized by Appellant, whereby his amended complaint exclusively relied on the attached exhibits in lieu of providing an actual "detailed statement" as required under Section 1503(6). Without any statement "to point the way to successful inquiry," Appellant did not substantially comply with Section 1503(6).[3] *See Commerce Bank/Harrisburg, supra*.[4]

_____

[3] We acknowledge that in the trial court's opinion, it stated that substantial compliance "relates to the form of the notice" only, rather than the contents of a plaintiff's MLL claim. (Trial Court Opinion at 3) (unnumbered). *See also* 49 P.S. § 1502 (providing notice requirements under MLL). Regardless of whether the court properly addressed the substantial compliance standard, however, this Court may affirm on any basis. *See In re Jacobs*, 15 A.3d 509 (Pa.Super. 2011) (explaining Superior Court is not bound by rationale of trial court and may affirm on any basis).

[4] *Commerce Bank/Harrisburg* held that the appellee substantially complied with Section **1503(5)**, despite the contractor not including drawings and specifications describing his work. This Court noted that the contractor was hired to construct a new home, the lien claim referenced and attached the
*(Footnote Continued Next Page)*

- 10 -

Because the trial court's findings are supported by competent evidence here, Appellant is not entitled to relief on his first two claims. *See Ferraro, supra*.

In his third issue, Appellant contends that the MLL permits the filing of preliminary objections to contest claims that do not conform to the MLL's requirements. Appellant complains that Appellees did not file preliminary objections to raise their claim regarding the deficiencies in Appellant's various complaints. Rather, Appellees advanced their Section 1503(6) arguments in the answers and new matters. Appellant concludes that Appellees waived their Section 1503(6) arguments by failing to raise them in preliminary objections. We disagree.

The MLL provides the following procedure for contesting claims:

**§ 1505. Procedure for contesting claim; preliminary objections**

Any party may preliminarily object to a claim upon a showing of exemption or immunity of the property from lien, or for lack of conformity with this act. The court shall

---

contract for that work, and the lien claim provided the appellant with ample information to "point the way to successful inquiry." *Commerce Bank/Harrisburg, supra* at 735. Significantly, this Court also observed that Section 1503(5) requires only a "**general statement** of the kind and character of the labor or materials furnished." *Id.* (quoting 49 P.S. § 1503(5)) (emphasis in original). This Court emphasized:

> While we make no judgment as to whether the statement in this matter would have been sufficient to comply with Section 1503(6), comparison of the language used in that section with the language used in Section 1503(5) is significant.

*Id.* at 735 n.11.

determine all preliminary objections. If an issue of fact is raised in such objections, the court may take evidence by deposition or otherwise. If the filing of an amended claim is allowed, the court shall fix the time within which it shall be filed. **Failure to file an objection preliminarily shall not constitute a waiver of the right to raise the same as a defense in subsequent proceedings.**

49 P.S. § 1505 (emphasis added). "Importantly, the timing or type of 'subsequent proceedings' in which the defense may be raised is not identified in the statute." *Terra Firma Builders, supra* at ___, 249 A.3d at 984 (internal footnote omitted).

Instantly, Appellees did not file preliminary objections. Rather, their arguments regarding Appellant's "lack of conformity" with the MLL appeared in their new matters. Considering the express language of Section 1505, we cannot say that Appellees' actions resulted in waiver. *See id.* at ___, 249 A.3d at 985 (reversing Superior Court decision holding that defendants waived challenge to unperfected lien; "A careful reading of the applicable statutes, including the unambiguous language in Section [1505] that specifically provides a challenge to an invalid lien may not be waived due to failure to object 'preliminarily,' reveals this was an absurd result the General Assembly cannot have intended"). Moreover, as noted by the trial court, it opted to construe Appellees' summary judgment motion as a preliminary objection, and Appellant did not object. (*See* Trial Court Opinion at 5) (unnumbered). Therefore, Appellant is not entitled to relief on his third claim.

In his fourth issue, Appellant contends the evidence established that

Thomas Kinsey "directed the work on a day-to-day basis and thus was [Appellees'] agent at all times under all four of the possible agency theories…." (Appellant's Brief at 36). Appellant also claims that the doctrine of *quantum meruit* applies, which entitles Appellant to damages "irrespective of any agency." (**Id.**) Despite Appellant's protestations, we need not tarry long with this issue. Appellant did not raise a *quantum meruit* argument in his Rule 1925(b) statement, and the argument is waived on this basis. **See U.S. Bank, N.A. for Certificateholders of LXS 2007-7N Trust Fund v. Hua**, 193 A.3d 994, 996-97 (Pa.Super. 2018) (reiterating that any issue not raised in Rule 1925(b) statement will be deemed waived). Regarding Appellant's theory that Mr. Kinsey acted as Appellees' agent, the resolution of this issue cannot overcome the facial deficiencies in Appellant's MLL claim.[5] **See Flick Const., Inc. v. Dyke**, 584 A.2d 1033, 1034 (Pa.Super. 1991) (declining to address certain issues on appeal where their resolution could not overcome MLL claim's facial deficiencies under Sections 1503(5) and 1503(6)). Accordingly, we affirm the order dismissing Appellant's MLL claim.

Order affirmed.

_____

[5] Appellant also admits that "agency was not a part of the lower [c]ourt's holding…." (Appellant's Brief at 36).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/4/2022