J-A02037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| PW CAMPBELL CONTRACTING COMPANY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellant | : | |
| v. | : | |
| | : | No. 910 WDA 2024 |
| AMANDA YETTER, JAY YETTER | : | |

Appeal from the Order Entered June 20, 2024
In the Court of Common Pleas of Washington County Civil Division at
No(s):  2023-5633

BEFORE:  KUNSELMAN, J., MURRAY, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED: APRIL 14, 2025**

PW Campbell Contracting Company ("PWCC") appeals from the order entered by the Washington County Court of Common Pleas ("trial court") striking PWCC's mechanics' lien on the property of Amanda Yetter and Jay Yetter (together, the "Yetters").  Because we conclude that PWCC failed to comply with the pertinent provision of the Mechanics' Lien Law ("MLL"),[1] we affirm.

On August 9, 2021, PWCC entered into a contract with the Yetters to make certain improvements on their house in Canonsburg, Pennsylvania.  The improvements included construction of a covered porch and pool house, along with the replacement of a window, door, roof, and siding of the main house.

---

[1] 49 P.S. §§ 1101-1902.

The parties' contract was titled "Standard Form of Agreement Between Owner and Design-Builder – Lump Sum."  Standard Form of Agreement, 8/9/2021, at 1.  Under the heading "Contract Price," the cost of the improvements was "Twenty Thousand Dollars" for the architectural and engineering "portion of the contract" and the "[h]ard construction costs" were priced as "the cost of the work, plus 25%."  *Id.* at 5.

Toward the end of 2022 and in the beginning of 2023, PWCC and the Yetters began to disagree about the quality of the improvements.  The Yetters demanded PWCC remedy certain deficiencies in their work while PWCC demanded payment.  PWCC stopped work on April 6, 2023.

On October 3, 2023, PWCC filed a statement of mechanics' lien and alleged therein that the Yetters owed $77,292.29 as a "remainder balance owed for labor, material, supervision, equipment, and tools" required for the improvements made on the house.  Subsequently, on December 4, 2023, PWCC filed a complaint to enforce their mechanics' lien.  PWCC attached the contract to the statement of mechanics' lien and complaint but attached no invoices or any other documentation supporting the calculation of the $77,292.29 amount.

On January 3, 2024, the Yetters filed preliminary objections to the complaint for failure to conform and legal insufficiency.  Of relevance to the pending matter, the Yetters argued that (1) the statement of mechanics' lien claim was untimely and (2) despite being labeled "lump sum," the contract

did not contain a total sales price and therefore PWCC was required to set forth a detailed statement of the kind and character of the labor or materials furnished and the prices charged under the MLL.

On March 8, 2024, PWCC filed a brief in opposition to the Yetters' preliminary objections. Therein, PWCC argued that the timeliness of the statement of mechanics' lien depended on a factual dispute between PWCC and the Yetters over when PWCC ceased working. PWCC further argued that the contract was not required under the MLL to list a "total sales price," the contract set out exactly how the Yetters were charged, and the Yetters received monthly invoices with supporting documentation.

On June 20, 2024, the trial court entered an order sustaining the Yetters' preliminary objections. The trial court initially found that strict compliance with the MLL is required to effectuate a valid claim. Trial Court Memorandum, 6/20/2024, at 3. The trial court observed that the PWCC did not state that the contract with the Yetters was for an "agreed sum" in its mechanics' lien claim, as required for section 1503(5) to apply.[2] Though the contract included a flat charge of $20,000 for architecture and engineering, PWCC asserted a lien for the "remainder balance owed for labor, material, supervision,

---

[2] As discussed below, the section 1503(5) requires a mechanics' lien claim "filed by a contractor under a contract … for an agreed sum," to include "an identification of the contract and a general statement of the kind and character of the labor or materials furnished[.]" 49 P.S. § 1503(5).

equipment, and tools." ***Id.*** at 4 (citing Statement of Mechanics' Lien Claim 10/3/2023, ¶¶ 3, 5)). Because the contract between PWCC and the Yetters for construction costs was not for an agreed upon sum, it did not fall under section 1503(5). ***Id.*** at 5. The court found that PWCC was therefore required to provide a detailed statement of labor and material costs under section 1503(6) of the MLL by including "invoices or by otherwise providing a detailed statement of the labor and material furnished and the prices charged for each," which PWCC failed to do.[3] ***Id.*** at 5. On that basis, the trial court dismissed PWCC's complaint.

On July 22, 2024, PWCC filed a timely notice of appeal.[4] It raises the following question for our review: "Whether the trial court erred in sustaining the Yetters' Preliminary Objection under Pennsylvania Rule of Civil Procedure 1028(a)(2) because PWCC's mechanics' lien complied with Section 1503(5) of Pennsylvania's [Mechanics'] Lien Law, 49 P.S. § 1101 et seq.?" PWCC's Brief at 3.

---

[3] Section 1503(6) requires a mechanics' lien claim "in all other cases than those set forth in clause (5)," (e.g., contracts that are not for an agreed sum), to include "a detailed statement of the kind and character of the labor or materials furnished, or both, and the prices charges for each thereof[.]" ***Id.*** § 1503(6).

[4] The time to file an appeal expired on Saturday, July 20, 2024. ***See*** 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

Our standard of review of a trial court's decision sustaining preliminary objections to a mechanics' lien proceeding is as follows:

> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred.
>
> Our inquiry goes only to determining the legal sufficiency of appellant's complaint and we may only decide whether sufficient facts have been pleaded which would permit recovery if ultimately proven. We must be able to state with certainty that upon the facts averred, the law will not permit recovery by the plaintiff.
>
> This Court will reverse the trial court's decision only where there has been an error of law or abuse of discretion. Further, when the sustaining of preliminary objections results in the denial of a claim or the dismissal of a suit in a mechanics' lien proceeding, preliminary objections should be sustained only where the case is clear and doubtless.

*Denlinger, Inc. v. Agresta*, 714 A.2d 1048, 1050-51 (Pa. Super. 1998) (citations and quotation marks omitted). In interpretating and applying the MLL, our scope of review is plenary and non-deferential. *Terra Tech. Svcs., LLC v. River Station Land, L.P.*, 124 A.3d 289, 298 (Pa. 2015).

PWCC argues the trial court erred in sustaining the Yetters' preliminary objections. PWCC's Brief at 7. It asserts that the trial court erroneously applied a strict construction standard, rather than a substantial compliance standard, under section 1503(5). *Id.* at 8. PWCC states that the MLL does not require a lien claimant to set forth a total sales price or certain sum, only an "agreed sum." *Id.* at 11, 14. "By attaching all the contract documents to its Statement of Lien Claim and Complaint to Enforce [Mechanics'] Lien,"

PWCC contends that it "substantially complied with Section 1503(5) of the [MLL]." *Id.* at 12. Further, PWCC argues that it sent the Yetters monthly invoices while it completed the project, thereby putting them on notice of the precise amounts charged and owed. *Id.* at 13. Lastly, while conceding that "the parties' contract does not state one agreed-upon sum," PWCC nonetheless contends that the trial court should have found it substantially complied with section 1503(5) "because the contract sets forth the agreed-upon framework pursuant to which PWCC charged the Yetters." *Id.*; *see also id.* at 11-12 (stating that the contract included "the agreed upon way in which the parties would determine the amounts the Yetters would pay PWCC for its work performed").[5]

The MLL provides a right to a mechanics' lien "for the payment of all debts due by the owner to the contractor … for labor or materials furnished in the erection or construction …." 49 P.S. § 1301(a). "[T]he statutory basis for a mechanics' lien expressly limits the lien to amounts owed for labor and materials only because it is intended to protect the prepayment of labor and

_____

[5] In its reply brief, PWCC argues for the first time that the trial court "abused its discretion in failing to provide PWCC leave to amend." PWCC's Reply Brief at 7. PWCC, however, failed to include this argument in its concise statement of errors complained of on appeal filed or in its principal brief. This argument is therefore waived. *See Grabowski v. Carelink Community Support Services, Inc.*, 230 A.3d 465, 476 (Pa. Super. 2020) (finding that plaintiff who argued in her reply brief that "the trial court should have granted her leave to amend" waived the argument because she "did not raise the trial court's failure to grant leave to amend the complaint in her concise statement of errors complained of on appeal … or even in her principal brief").

materials that a contractor invests in another's property, by allowing the contractor to obtain a lien interest in the property involved." ***R.A. Greig Equip. Co. v. Mark Erie Hosp., LLC***, 305 A.3d 56, 60 (Pa. Super. 2023) (citation and quotation marks omitted). "[A] contractor seeking the benefit of the lien must judiciously adhere to the requirements of the Mechanics' Lien Law in order to secure a valid and enforceable lien." ***Terra Firma Builders, LLC v. King***, 249 A.3d 976, 983 (Pa. 2021) (quotation marks omitted). It grants an "extraordinary remedy that provides the contractor with a priority lien on property, an expeditious and advantageous remedy." ***Id.*** "Any party may preliminarily object to a [mechanics' lien] claim upon a showing of exemption or immunity of the property from lien, or for lack of conformity with this act." 49 P.S. § 1505.

Section 1503 governs the contents of MLL claims and provides, in relevant part:

The claim shall state:

\* \* \*

(5) if filed by a contractor under a contract or contracts for an agreed sum, an identification of the contract and a general statement of the kind and character of the labor or materials furnished;

(6) in all other cases than that set forth in clause (5) of this section, a detailed statement of the kind and character of the labor or materials furnished, or both, and the prices charged for each[.]

49 P.S. § 1503(5), (6).

Section 1503(5) sets forth two prerequisites that a mechanics' lien claimant must meet. The first is that the claimant must be a "contractor" (as opposed to a subcontractor);[6] the second is that it must be "under a contract or contracts for an agreed sum." *Id.* § 1503(5). If a mechanics' lien claimant meets these two requirements under section 1503(5), it need only identify the contract and include a "general statement" of labor and materials. "[I]n all other cases," the claimant must provide a "detailed statement" of labor and materials, and the prices charged for each in its mechanics' lien claim. 49 P.S. § 1503(6).

The MLL does not define "agreed sum." *See generally id.* § 1201. The meaning of these words, however, is clear and unambiguous. The dictionary definition[7] of the term "agreed" as used in this context is: "1. To grant consent: assent. 2. To be in accord: match. 3. To come to an understanding or to terms." WEBSTER'S II DICTIONARY, 17 (3d ed., 2005); *see also* BLACK'S LAW DICTIONARY, "Agreement" (12th ed., 2024) ("A mutual understanding between two or more persons about their relative rights and duties regarding past or future performances; a manifestation of mutual assent by two or more persons."). The term "sum" as used here is defined as "an amount of money."

---

[6] There is no dispute that PWCC is a contractor.

[7] *See B.N. Excavating, Inc. v. PBC Hollow-A, L.P.*, 71 A.3d 274, 281-82 (Pa. Super. 2013) (applying the dictionary definition to discern the plain meaning of the word "incidental" to interpret a different provision of the MLL).

WEBSTER'S II DICTIONARY, 701 (3d ed., 2005); *see also* BLACK'S LAW DICTIONARY, "Sum" (12th ed. 2024) ("A quantity of money."). The phrase "agreed sum," therefore, unambiguously means a mutually understood amount of money. *See* 1 Pa.C.S. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."); *Gavin v. Loeffelbein*, 205 A.3d 1209, 1221 (Pa. 2019) ("we are to give effect to the plain language of a provision whenever that language is clear and free from ambiguity").

Here, it is clear that the relevant portion of the contract between PWCC and the Yetters was not for an "agreed sum." The contract price for "[h]ard construction costs" had no amount of money listed, but instead was to be calculated based upon "the cost of the work, plus 25%." Standard Form of Agreement, 8/9/2021, at 5. There is no indication in the contract that the Yetters had any knowledge of the amount of money that would constitute "the cost of work," such that they agreed to a particular amount. We therefore agree with the trial court that PWCC was required to comply with section 1503(6) to recover on its mechanics' lien claim.

PWCC does not contend that it complied with section 1503(6),[8] instead arguing its case solely based upon its alleged substantial compliance with

_____

[8] In fact, as our summary of PWCC's argument above reflects, it does not even contend that it complied with section 1503(5). *See* PWCC's Brief at 11-13; *supra* p.6.

section 1503(5).[9] As PWCC has not met the requirements of section 1503(5), we hold that the trial court correctly found that PWCC failed to comply with the statutory requirements of section 1503(5) of the MLL. The trial court therefore did not abuse its discretion in sustaining the Yetters' preliminary objections.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/14/2025

---

[9] Because the plain language of section 1503(5) clearly and unambiguously does not apply to PWCC's contract with the Yetters, we need not discuss whether section 1503 must be strictly construed or whether substantial compliance with the statute is sufficient. We note, however, that although this Court has waffled as to whether substantial compliance with section 1503 is sufficient, our Supreme Court has unambiguously stated that because the MLL is a "creation in derogation of the common law … any question of interpretation shall be resolved in favor of strict, narrow construction." **King**, 249 A.3d at 983 (citations omitted). **Compare Denlinger,** 714 A.2d at 1052-53 (holding that while "notice and other requirements" are to be strictly construed, 49 P.S. § 1503(5) is interpreted through substantial compliance when "enough appears, on the face of the statement, to point the way to successful inquiry"), **with Flick Const., Inc. v. Dyke**, 584 A.2d 1033, 1034 (Pa. Super. 1991) (applying strict compliance to 49 P.S. § 1503(5)).